## LISHER v. PRATT.

1. NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A new trial wi'l not be granted on the ground of newly discovered evidence, unless it appears that such evidence is material; that it was unknown to the party making the application, before the trial, and could not have been discovered by the exercise of due diligence.

*Appeal from Allamakee District Court.*

TUESDAY, JUNE 14.

This was an action against the defendant, for not delivering to plaintiff, a letter containing one hundred dollars. Judgment was rendered for the plaintiff. The evidence offered on the trial, is not set out in the record, nor does it contain a statement of the facts found, with the conclusions of the court founded thereon, under section 1793 of the Code. The defendant filed a motion to set aside the verdict and for a new trial, on the ground, among other things, of newly discovered evidence, which motion was supported by the affidavits of the defendant's attorney and other persons. The purport of the affidavits were, that a ball was given at a certain time, in the village where the parties resided, and which had relation to the time when the letter was received by the defendant, and demanded by the plaintiff. The motion was overruled, and the defendant appeals.

*John T. Clark*, for the appellant.

*Noble & Drummond*, for the appellee.

WRIGHT, C. J.—The rule is well settled, that a party who asks a new trial upon the ground of newly discovered evidence, must show that such evidence is material, and that he not only did not know of it before the trial, but that he would have been in the same ignorance by the use of due diligence. The affidavit and showing of the defendant in

this case, fails to do either of these things. So far from proving that he could not have had knowledge of what he calls the "new evidence," by the use of due diligence, he shows that if he had made any, the slightest effort, he could have hadt he benefit of it all. *Mays* v. *Dreavor*, 1 Iowa, 216.[1]

The case was tried by the court. The record does not purport to set out all the evidence. Nor do we find any thing which can be properly styled "a statement of the facts found, with the conclusion of the court founded thereon," within the meaning of section 1793 of the Code. Under such circumstances, we cannot say whether the judgment is in accordance with the testimony or against it, nor that it is contrary to law.

Judgment affirmed.

5. SAME: SPECIFIC PERFORMANCE. The wife cannot by a decree of the court, in an action in which she is not a party, be compelled to join her husband in the execution of a deed conveying the homestead, for the specific performance of a contract entered into by the husband alone.

---

1 *Pelamourges v. Clark, et al, supra.*