## RICHARDS V. NUCKOLLS.

1. New trial: ACCIDENT AND SURPRISE. To entitle a party to a new trial, under sections 3112 and 3116 of the Revision of 1860, on the ground of surprise, he must show that he was prejudiced by the judgment rendered on the former trial, that he was prevented by reason of such accident or surprise from properly defending that action, and that he has material evidence which he could not, with the exercise of reasonable diligence have discovered and produced on that trial.

*Appeal from Mills District Court.*

TUESDAY, JANUARY 23.

DEFENDANT recovered judgment against plaintiff, at the February Term, 1863, of the Mills District Court, for the amount of a promissory note, and within one year thereafter, plaintiff filed his petition for a new trial, under section 3116 of the Revision, upon the grounds of accident and surprise, and because of newly discovered evidence, as provided in clauses three and seven of section 3112. This application being heard upon full testimony offered by both parties, was refused, and plaintiff appeals.

*D. H. Soloman* for the appellant.

*J. M. Dews* for the appellee.

WRIGHT, J. — Plaintiff, by his argument, labors to show that, from the proof made, he has or had a good defense to the action upon the note. This might be conceded and yet this order be affirmed. He alleges that, because of accident and surprise, he was prevented from properly defending that action, and that he has material evidence which he could not, with reasonable diligence, have discovered and produced on the trial. If a party has a good defense and fails, without the fault of the other party, in consequence of his own

negligence or want of diligence, to avail himself of it, he ought not and will not be allowed to complain that the verdict and judgment were unjust and inequitable. Of course where a case is made out under either of the classes of the statute (3 and 7, § 3112), he should also show that he is prejudiced by the judgment as rendered. Having shown this prejudice, however, he must further bring his case within the provisions of the statute, which entitle him to be again heard. For it is neither the pleasure nor policy of the law to open and retry a controversy, where the party has slept upon his rights, or failed from his own fault to avail himself of his proper defense. Suitors must be diligent and active, for such, and not the inactive and negligent, will the law favor.

The statute declares that these applications shall be tried as other cases, by ordinary proceedings, and it must appear that the grounds therefor could not, with reasonable diligence, have been discovered *before*, but were discovered *after*, the term at which the decision or judgment was rendered. Rev., § 3116. This case was so tried, and the question is, whether, as a matter of fact, the appellant has sustained by proof the case made by his petition? And we think most clearly not. From the great mass of testimony we are unable to see why he could not, with reasonable diligence, have presented the very defense upon which he now insists. He alleges surprise, but there is no sufficient proof of it. He claims that he has newly discovered evidence which will change the result, and yet much of it he had knowledge of before as well as since the trial; the balance he might have known, so far as this record discloses, by the use of any fair degree of diligence. In this attitude of the proof the court very properly refused the new trial. For some views upon this subject, see *Alger* v. *Merritt*, 16 Iowa, 121, and the cases cited.

Affirmed.