MATHER v. BUTLER COUNTY.

New trial: NEWLY-DISCOVERED EVIDENCE. A party applying for a new trial, on the ground of newly-discovered evidence, must show that he used diligence in his efforts to discover and obtain the testimony prior to the trial.

*Appeal from Black Hawk District Court.*

THURSDAY, FEBRUARY 22.

THIS is the third time this cause has been before us on appeal. For a history of the same see 16 Iowa, 59; 28 id. 253.

The plaintiff in his original petition declared on two written contracts, made at different times between the plaintiff and the county judge of Butler county on behalf of the defendant, for the erection of a court-house.

The petition was amended by adding a count claiming on the *quantum meruit*, and prior to the trial plaintiff withdrew the other counts and went to trial on the common count.

The answer avers that all the work performed and materials furnished were done and furnished under the written contracts, and alleges payment in full. Verdict and judgment for plaintiff, who, not being satisfied with the amount, appealed to this court.

The judgment of the court below was ordered to be reversed unless the defendant should consent that the verdict be increased one hundred dollars, and the cause was remanded. See 28 Iowa, *supra*.

At the May term, 1870, of the district court, the cause was continued, and, at the next term (September, 1870), the defendant consented to the required increase of the judgment and offered to allow judgment to be so entered, whereupon judgment was rendered accordingly for the additional sum and costs. At the same term, plaintiff filed a motion for a new trial, on the ground of newly-discovered evidence, which was overruled, to which he excepted and appeals. The overruling of the motion is the error assigned.

*Hewett & Dodge* for the appellant.

*Powers & Poor* for the appellee.

MILLER, J. — One of the items of evidence claimed to have been newly-discovered is, that one John Palmer was present when the second written contract was entered into, and that it can now be proved by him that it was

Mather v. Butler County.

orally agreed between the parties, the plaintiff and the county judge, that the second contract was not to supersede the first one, but that the sum named in the second written agreement was to be in addition to the amount stipulated to be paid by defendant in the first.

Under the holding in this case, in 28 Iowa, *supra*, this evidence could not have been admitted had the witness been present at the trial. The evidence would have been incompetent, for it was distinctly held that the execution of the second contract was in law a substitution of the first and an abandonment of it so far as it remained unperformed; that it was not intended they should co-exist, "but the second was designed to take the place of the first and to embody the *whole* agreement of the parties, and that this being so, there was no error of the court on the trial refusing *aliunde* verbal testimony to show that it was understood between the parties that the second was not a substitute for the first." The evidence being incompetent then it would be so on a new trial.

II. It is next shown that, on the trial of the cause, the plaintiff had caused the clerk of the board of supervisors of Butler county to be served with a subpœna *duces tecum*, commanding him to produce in court on the trial the " minute book " kept by the county judge of Butler county, which the witness failed to do, but, instead thereof, produced a certified transcript of the same, which, it is stated, omitted an entry claimed to be material in plaintiff's behalf, which omission was not known at the time to him, nor did he discover that such entry existed until in the month of March, 1870. Plaintiff further shows in his affidavit that he made no efforts, prior to the trial, to obtain or examine the " book," but relied on the subpœna to bring it where it could be examined by himself and counsel. The entry in the minute book, which it is claimed was omitted from the certified copy, is designated in the plaintiff's affidavit as exhibit " Y," but we fail to find any exhibit in the abstract

by that designation. We find in the abstract several entries purporting to be extracts from the minute book, neither of which, nor do they all together, tend to change the effect given to the second contract.

The claim of the plaintiff is based on an alleged right to recover $1,000 on the first written contract. It is conceded that he received the full amount of the second contract, but he claims that there is still due him the sum above-named on the first. This he can do *only* by showing that the second contract did not supersede the first one but was additional thereto. This he cannot be permitted to do by parol evidence; and without deciding whether it could be done by entries in the minute book, made by the county judge, it is clear to our minds that neither nor all of those contained in the abstract tend to do so.

Again, a new trial will not be granted on the ground of newly-discovered evidence, unless the party asking it shall show to the court that he has been diligent in his efforts to obtain the evidence prior to the trial. *Lisher* v. *Pratt*, 9 Iowa, 59; *Alger* v. *Merritt*, 16 id. 121; *Richards* v. *Nuckolls*, 19 id. 555; Rev. of 1850, § 3112.

The action was commenced in July, 1861, and the case was not tried until about seven years afterward, giving all that time for the plaintiff to make an examination of the "minute book" in the county judge's office. It is a book which was by law required to be kept there, and plaintiff must be presumed to have known that it was so kept, and that he believed it contained material evidence for him is shown in the fact that he sought by subpœna *duces tecum* to have it in court on the trial of the cause.

If he believed the book contained evidence material to his case, he was guilty of gross negligence in not examining it, as he had ample time and opportunity of doing, during the pendency of the action.

The order of the district court overruling the motion is

Affirmed.