Stineman v. Beath.

STINEMAN, Executor, etc., v. BEATH.

1. **New trial:** NEWLY-DISCOVERED EVIDENCE. While a new trial will not be granted on the ground of newly-discovered evidence, which is merely cumulative, it may be though in some respects the evidence is cumulative, if it in any degree has an independent and distinct bearing on the issue.

2. —— CONTENTS OF PETITION : PRACTICE. In an application for a new trial on this ground, the petition therefor need not set out the evidence

introduced on the trial. It need only show the facts upon which the new trial is asked, the same as in other cases, and the issues thereon are to be tried as in ordinary proceedings.

3. —— DILIGENCE. Nor need it be shown that the applicant exercised the highest degree of diligence in endeavors to procure testimony; reasonable diligence is all that is required.

4. **Pleading:** WAIVER OF ERRORS. The right to object to a ruling of the court on a motion directed against a pleading, is waived by subsequently filing a demurrer thereto.

*Appeal from Jasper Circuit Court.*

FRIDAY, JANUARY 25.

THIS action is brought by the plaintiff as executor of the estate of E. D. McVicker, deceased, upon a promissory note, made to James McVicker, or order, which it is alleged was the property of said E. D. McVicker at the time of his decease.

The defendant answered denying that he signed or executed the note or authorized any one to do so. As to all the other allegations of the petition the defendant says " he has no sufficient information or knowledge to form a belief."

The cause was tried by the court without a jury. The court found " that the defendant had maintained his plea in abatement, because of the legal incapacity of the plaintiff to bring his suit in this state," not having " been appointed executor by any authority of the State of Iowa or any court therein." Also, that the defendant, by the weight of the evidence, did not sign the note. Judgment was accordingly rendered for the defendant for costs.

The plaintiff at the next term of the court filed a petition and amended petition for a new trial upon two grounds.

*First.* " That upon the trial of the cause it was understood between the attorneys of both parties that the only issue for the court to try was upon the signature to the note, and that the introduction of any testimony to prove that plaintiff was duly appointed administrator was expressly waived by the attorneys of defendant in open court. That such evidence did in fact exist, and was omitted because of such waiver."

*Second.* " That on or about the 20th day of July, A. D. 1872, plaintiff through his attorney first learned that evidence could be procured from the State of Ohio, from the relatives of the said Beath, that he, the said Beath, had signed about the date of giving the note sued on, promissory notes in the State of Ohio, which signatures to said notes, when compared with the signature to the note in this cause, will show, or tend to show, that defendant signed the note sued on. That on the second day of the July term last of this court, plaintiff procured possession of said notes made by Joseph Beath in 1857 and 1858, copies of which are attached and the originals offered in evidence to the court with this petition." (Affidavits of the genuineness of the signatures to these notes are annexed to the petition.) " That no evidence was offered at the former trial as to what defendant's signature was like, about the date of his signing said note sued on. That the signatures to the last-named notes made in 1857 and 1858 are also denied by said defendant Beath. That plaintiff had no knowledge or idea of the existence of said testimony till the time above stated, and could not with reasonable diligence have made its discovery, for the reason that there were no facts or circumstances to lead to the discovery of said evidence. That it was by accident only that plaintiff became aware of the existence of said evidence, and proceeded then without delay to procure the affidavits aforesaid, and notes which were in the hands of a Mr. Brous, residing in Marion county, Iowa. That plaintiff had endeavored to procure evidence of this same nature in Ohio long before the date above given but entirely failed. That Thomas Cox, J. M. Cox and Harriet Fillet, if a new trial is granted, will, by deposition, prove the facts herein set up, etc.

This petition was verified as follows: " I, D. Ryan, being duly sworn, on my oath say that I am one of the plaintiff's attorneys in this case, that I know the contents of the above amended petition, and say the same is true, as I verily believe."

Defendant filed a motion to strike this verification from the files for the reasons: 1. That the verification must be made

by the party applying for a new trial. 2. That the verification is by plaintiff's attorney, and does not show that he has personal knowledge of the matters alleged in the petition.

This motion was overruled.

Defendant also filed a motion for a more specific statement in the petition for a new trial, so as to show:

" 1. What acts were done or steps taken by plaintiff to find the newly-discovered evidence.

" 2. All the evidence that was given on the former trial."

This motion being sustained as to the first and overruled as to the second grounds, plaintiff filed the following amendment to his petition:

" Comes now the plaintiff and, by leave of court first had, files this his amendment to his amended petition and says: That some time in the month of July, 1871, the plaintiff was first made aware of the claim on the part of said Beath, as to the signature to the note sued upon; that thereupon plaintiff, through his attorneys in Iowa, commenced a correspondence with Oakly Case, plaintiff's attorney in Logan county, State of Ohio; that the first letter was written about the month of July, 1871, and the correspondence lasted for about four months, and some three or four letters were written by each, by plaintiff's attorneys here to said Case, requesting him to ascertain the names and facts as to any witnesses there where said Beath had formerly lived, and particularly as to identifying said Beath's signature at the date of execution of said note; that said Case answered, stating that he had made diligent inquiry of the widow of the deceased, of whom this plaintiff is executor; that he had inquired of the widow, and all such persons as he thought likely to know any thing of the above matter; and that he had inquired of several persons, the names of whom are not known to this affiant; and that he had made diligent search, but from the lapse of time since the execution of the note he had been unable to procure any evidence or information that would be of any benefit in identifying defendant's signature; that he had inquired of the administrator, but that said administrator had not been

acquainted with said Beath at any time, and that he had not any knowledge, personally, of the transaction, or of the said Beath or his handwriting or signature; that he had never lived near him or in his vicinity, and that he could not, therefore, be of any aid in procuring such evidence; that plaintiff or his attorneys knew of no other parties to whom to write or inquire than those inquired of."

This is verified as follows: "I, Thomas Ryan, being first duly sworn, on my oath say that I am acquainted with the matters and things stated in the foregoing of my own knowledge, and that the same are true, as I verily believe."

Whereupon defendant demurred to the amended petition and the amendment thereto, which was overruled by the court, from which ruling defendant appeals.

*Winslow & Wilson* for the appellant.

No appearance for the appellee.

MILLER, J. — I. In respect to the first ground stated in the petition for a new trial, namely, the express waiver on the part of defendant's attorneys of the production of evidence, by plaintiff, to prove that he had been duly appointed administrator, etc., together with the alleged fact that he had been thus appointed, the petition was sufficient on this branch of the case, and the demurrer was properly overruled. The demurrer admits these averments to be true, and certainly when defendant's attorney expressly waived proof of plaintiff's right to sue in his representative capacity, the court should not have found for the defendant upon the plea in abatement filed in the cause.

II. It is next objected by appellant's counsel that the newly-discovered evidence, as shown by the petition, is only cumulative, and it is insisted that the court erred in not sustaining the demurrer on this ground.

1. NEW TRIAL: newly-discovered evidence.

It is well settled, by numerous decisions of this court, that

a new trial will not be granted on the ground of newly-discovered evidence, where such evidence is *merely* cumulative. *McDaniels* v. *Van Fosen*, 11 Iowa, 195 ; *Sturgeon* v. *Ferron*, 14 id. 160 ; *Wilhelmi* v. *Thorington*, id. 537 ; *Shepherd* v. *Brenton*, 15 id. 84 ; *Alger* v. *Merritt*, 16 id. 121, 127.

If it appears from the face of the petition that the evidence newly discovered is merely cumulative, the objection may be taken by demurrer. But in this case it does not so appear from the face of the petition. The issue contested was upon the signature of the defendant to the note sued on, and the petition states, in substance, that plaintiff has discovered since the trial, and has procured the possession of certain other notes made by the defendant about the time of the making of the note sued on, the signatures to which, when compared with that to the note in suit, will prove that defendant's signature to the latter is genuine, and it is averred in the petition that no evidence of this character was offered on the trial of the cause. What the evidence on the trial was is not shown. The evidence is not set out, and it does not appear upon the face of the petition for a new trial that the newly-discovered evidence is simply cumulative. On the contrary, by general averment it is shown that such is not its character; at least that it is not exclusively and simply cumulative. That evidence is in some respects cumulative is not sufficient objection thereto as grounds for a new trial, if in any degree it has an independent and distinct bearing upon the issue. See *Alger* v. *Merritt*, *supra*.

It is not necessary that the petition, in cases like this, should set out the evidence produced on the trial. The petition need 2. —— contents of petition. only show the facts upon which the new trial is asked, " as in other cases." The facts thus stated are " considered denied without answer," and the issues " tried as other cases by ordinary proceedings." Rev., § 3116 ; *Alger* v. *Merritt*, *supra* ; *Richards* v. *Nuckolls*, 19 Iowa, 555. True the newly-discovered evidence ought to be shown, and it should appear that the party can prove the newly-discovered facts. *Alger* v. *Merritt*, *supra*. But as the issues upon the petition

are to be tried as an ordinary proceeding, the petition need only state facts, as in other cases. The evidence upon the issues made should be produced upon the trial. We have already seen that the petition does not upon its face show the newly-discovered evidence to be simply cumulative. The demurrer, therefore, as to this ground, was properly overruled.

III. It is further objected by the demurrer that no sufficient diligence is shown. We are of opinion that the court below might properly hold that the facts stated in the petition fairly and reasonably show that the evidence " could not with reasonable diligence have been discovered before." The statute does not require the exercise of the highest degree of diligence in such cases, but "reasonable diligence" only. Rev., §§ 3112, 3116, subd. 7; *Richards* v. *Nuckolls, supra.*

3. —— diligence.

IV. Appellant's counsel urges as erroneous, the ruling of the court below in overruling his motion to strike out the verification to the petition for a new trial, and also the ruling on the motion for a more specific statement.

4. PLEADING; waiver of errors.

Although the appellant excepted to the rulings of the court upon his motions, yet by filing his demurrer to the petition he waived these exceptions, and they will not now be considered on appeal from the ruling on the demurrere. Rvision, §§ 2864, 2865, 2866, 2916; *Rea* v. *Flathers,* 31 Iowa, 545; *Benedict* v. *Hunt,* 32 id. 27.

These motions are in the nature of special demurrers under the common-law rules of pleading, attacking the pleading for formal defects, and when appellant filed his demurrer to the petition attacking the petition upon the merits he waived these formal defects, if any existed.

The order of the circuit court overruling the demurrer is

Affirmed.