**572** SUPREME COURT OF IOWA,

The First National Bank of Iowa City v. The Charter Oak Insurance Co.

THE FIRST NATIONAL BANK OF IOWA CITY v. THE CHARTER OAK INSURANCE COMPANY.

1. **New Trial:** EVIDENCE: PRACTICE IN THE SUPREME COURT. The Supreme Court will not reverse a judgment in the case of a mere conflict of evidence, in the absence of proof that the verdict was the result of passion or prejudice.

2. ———: ———: WHEN CUMULATIVE. The discovery of new evidence, which is simply cumulative, will not justify the granting of a new trial.

3. ———: ———: DILIGENCE. In the absence of a showing of diligence to obtain evidence before the trial, the judgment will not be reversed on account of evidence discovered thereafter.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 15.

ACTION on a policy of insurance upon the joint lives of Charles W. Burlingame and Loretta C. Burlingame, for the sum of $5,000, to be paid to the survivor upon the death of either. There was a verdict and judgment for plaintiff, the assignee of the policy. Defendant appeals. The facts of the

case necessary to a proper understanding of the points ruled in the opinion appear therein.

*Beal & Jackson,* for appellant.

*Clark & Haddock,* for appellee.

BECK, J.—The answer of defendant sets up, as a defense, false representations made by the assured as to the age of Loretta C. Burlingame, upon whose death plaintiff claims to recover the amount of the policy. These representations are in the nature of warranties upon which the policy was issued, and represent the deceased to have been of the age of thirty-four years, whereas, as alleged by the answer, she was forty. Other matters were pleaded in defense that need not be here stated, as the breach of the warranty of the age of deceased is only involved in the issues of fact brought before us. There is no disputed principle of law involved in the case; its decision turning wholly upon questions of fact.

I. It is first insisted that the verdict is so unsupported by the evidence that the judgment should be reversed by this court for error of the District Court in refusing to grant a new trial upon that ground. The only fact which, it is claimed by defendant, was found by the jury without sufficient evidence, is the age of deceased at the date of the policy, or at least the jury's finding of this fact is alone complained of in this court. The materiality of this finding will be understood from the statement of the issues above made. If it be found that the evidence before us does not warrant the conclusion that the finding of the jury upon the question of the age of deceased, namely, that at the date of the policy she was thirty-four years of age, is not so wanting of support from the evidence that it should have been set aside, other questions involving the correctness of the verdict need not be considered.

*1. NEW TRIAL: evidence: practice.*

This is especially so as to a question of fact whether defendant is estopped in this action to set up a defense to the policy on account of representations and admissions of its liability

thereon, made by its agents to plaintiff before the assignment thereof.

The record before us presents a mass of testimony developing numerous facts and circumstances upon which the jury were required to determine the year of the birth of Loretta C. Burlingame. Defendant claims she was born in 1832, and plaintiff insists that her birth occurred in 1838. The members of her family, and others knowing her from infancy, testified in the case; and about all that can be said in regard to the evidence upon this point is that it was conflicting and contradictory in the highest degree. Certainly it cannot be claimed that there was an absence of evidence in support of plaintiff's theory, or that there was such a preponderance to support defendant's claim that an honest and intelligent jury, in the due exercise of their lawful discretion, could not have found for plaintiff. It may be admitted that, to the minds of some members of this court, the preponderance of the proof appears to be strongly with defendant. But none of us are of the opinion that the case is not within the rules often announced by this court, to the effect that we cannot interfere to disturb a verdict, unless it appears from the want of proof to support it, that the finding of the jury was the result of passion or prejudice. We may safely assert that no one, after a careful reading of the evidence, will maintain that the preponderance in favor of defendant is such as to leave the mind free of the most grave doubts, which will only permit the conclusion to be reached in favor of that side of the case after great hesitancy and settled dissatisfaction. It may be that many minds, or, if you please, all minds that adopt plaintiff's theory, will reach, with the same difficulty, a conclusion with the same uncertainty and doubt. Those who have had experience in deciding questions of fact, when the evidence is of the conflicting and contradictory character of that before us, will readily understand these remarks, and will have no difficulty in acquiescing in the rule of the law which, in such cases, will not permit the verdict of a jury to be disturbed. We do not attempt in cases of this character a discussion of the evidence, in order to support our conclusion, which would

require the writing of many pages without profit to the parties or the profession.

II.   A motion for a new trial, on the ground of newly discovered evidence, was overruled.   This action of the court is made the ground of objection to the judgment.   The evidence discovered after the trial was of this character.   It was in proof that the deceased was born in New York prior to her parents' removal to Michigan.   The date of that removal thus became important, and conflicting evidence as to the fact was introduced by the parties, defendant's testimony tending to show that it was as early as early as 1835 or earlier, and plaintiff that it was in 1838.   After the trial, defendant discovered, as it is claimed, that the parents of deceased executed and acknowledged deeds for lands in Michigan, which were duly recorded there, in 1836 or 1837.   It is insisted that this evidence, which defendant claims can be produced, will establish that the birth of deceased was at least two years prior to the date given in the application for insurance.

We are of the opinion that the motion was properly overruled for two reasons:  1. The new evidence is cumulative and nothing more.  It is simply additional evidence of the same kind upon the point in dispute.   It cannot be pretended that it would be conclusive; it would not even be strong evidence upon the point, except with proof that the parents were not in Michigan before their removal from New York, and about the time the deeds were executed.   But no such proof was offered, nor is it proposed to introduce it, upon a new trial. 2. There is an absence of a showing of sufficient diligence on the part of defendant to discover and produce the evidence at trial.   It is shown that defendant was not advised prior to the trial of the character of the evidence plaintiff produced to establish the date of the birth, and it is therefore claimed that its agents and counsel were not put upon inquiry to discover testimony of the character found since the trial.   But it appears that evidence of this very character was esteemed by defendant's agent as important in the preparation of the case for trial, for they caused a deposition of a witness to be taken

in Michigan, who testified to the date of certain deeds exe-
cuted by the parents of deceased, for lands in the very county
where the deeds were executed which defendant desires to
introduce upon the new trial. 'Proper diligence would have
suggested further inquiry in this direction for
evidence of a like character and an examination
of the proper records of deeds in the county.

3. ——: ——: diligence.

This witness testifies to the execution of a deed in 1836 or
1837, which.is about the time the deeds proposed to be intro-
duced in evidence, at another trial, were executed. The
newly discovered evidence, considered with reference to the
testimony of this witness, is clearly cumulative.

No other questions in the case demand consideration. The
judgment of the District Court is

AFFIRMED.