## CARMAN v. ROENNAN.

1. **New Trial:** NEWLY DISCOVERED EVIDENCE. A new trial will not be granted on the ground of newly discovered evidence, where the matter to which the evidence relates was distinctly put in issue in the pleadings, and the application fails to disclose the exercise of reasonable diligence to obtain the evidence.

2. **Evidence:** ORDER OF: PRACTICE. The order of the introduction of evidence rests largely in the discretion of the trial court, and its action in permitting the plaintiff to offer testimony not rebutting after the defendant has closed his testimony will not be disturbed where no abuse of discretion is shown.

### *Appeal from Mills District Court.*

### MONDAY, DECEMBER 11.

THE plaintiff alleges: 1. That the cattle of defendants broke into plaintiff's premises, inclosed with a lawful fence, and damaged his crops to the extent of one hundred dollars. 2. That the defendant's cattle, being unlawfully on plaintiff's premises, broke into the adjoining field of one D. W. Rowe, inclosed with a lawful fence, and damaged his crops to the extent of one hundred and fifty dollars; and that Rowe duly assigned his claim to plaintiff. The answer is a general denial.

There was a jury trial, and a verdict for one hundred and fifty dollars. The motion for new trial was overruled, and judgment was rendered upon the verdict. Defendant appeals.

*Hale, Stone & Proudfit,* for the appellant.

*Watkins & Williams,* for appellee.

DAY, J.—I. It is urged that the verdict is not supported by the evidence. It is clearly proved that defendant's cattle damaged the crops in question. The evidence is very conflict-ing as to the character of the fence inclosing the premises. It is probable that, if we were to determine the question as an original one, we would, from the evidence in the abstract, find that plaintiff's fence was not a lawful one. But the verdict

is not unsupported by the evidence to an extent that would justify our, disturbing it.    Besides, a supplemental agreed abstract is submitted, in which it is admitted the abstract does not contain all the evidence.

II.    It is claimed that the motion for a new trial should have been sustained on the ground of newly discovered evi-

1. NEW trial: newly discovered evidence. dence.    The newly discovered evidence relates to the condition of the partition fence between Carman and Rowe.    The condition of this fence was distinctly put in issue by the pleadings.    Appellants do not show any diligence to discover testimony respecting it.    Of the witnesses who, it is claimed, will testify to newly discovered facts, two were witnesses upon the former trial, and another was a juror, and it is not claimed that the only remaining one will testify to any fact other than can be proved by the other three.    Appellants should have shown the employment of diligence to secure testimony on this point.    *First National Bank of Iowa City v. Charter Oak Insurance Company*, 40 Iowa, 572; *Lisher v. Pratt*, 9 Iowa, 59; *Richards v. Nuckolls*, 19 Iowa, 555; *Kilburn v. Mullen*, 22 Iowa, 498.

III.    In rebuttal plaintiff was permitted to prove the condition of the fence between him and Rowe.    Defendants insist

2. EVIDENCE: order of: practice. that this testimony was not rebutting evidence, and that it should not have been admitted.    As the abstract does not contain all the evidence, we have no means of determining whether or not the evidence was rebutting, and we will presume that the action of the court below respecting it was correct.    Besides, this is a matter which rests very largely in the discretion of the trial court.    *Hubbell & Bro: v. Ream*, 31 Iowa, 289; *Crane v. Ellis*, Id., 510; *Cannon v. Iowa City*, 34 Id., 203.    No error appears in the record.

· AFFIRMED.