THE TOWN OF MANSON v. WARE.

1. **Practice in Supreme Court:** TRANSCRIPT: WHEN NOT REQUIRED: EFFECT OF FAILURE TO FILE. Where the abstracts of the parties present all the facts necessary for the determination of the cause, a transcript is not required; but where a transcript is necessary, and appellant has failed to file one, the appeal will not for that reason be dissmissed, but the court will order a transcript, and will continue the cause, if necessary, until the transcript can be prepared and filed.

2. **Bill of Exceptions:** SKELETON BILL: IDENTIFICATION OF EVIDENCE BY REFERENCE: WHAT IS SUFFICIENT. Where a bill of exceptions shows that the short-hand reporter "marked and identified all instruments in writing and other papers offered in evidence," and directs the clerk to insert in the bill of exceptions "all exhibits referred to and identified in said report," this is sufficient to identify such exhibits, and if the clerk fails to insert them all, his error is no ground for striking the evidence from the bill on the ground that it is not sufficiently identified.

3. **Practice in Supreme Court:** REVERSING RULING ON MOTION FOR NEW TRIAL: RULE STATED AND APPLIED. An order sustaining a motion for a new trial will not be as readily reversed on appeal as an order overruling such motion, but the rule applies only to cases where there

is a discretion reposed in the court below. But the question whether newly-discovered evidence, which is presented as a ground for a new trial, is or is not cumulative, is purely a question of law, in deciding which the trial court has no discretion; and error in granting a new trial on the ground of newly-discovered evidence which is merely cumulative, as in this case, (see opinion,) will be promptly reversed on appeal.

4. **New Trial**: NEWLY-DISCOVERED EVIDENCE AS GROUND FOR: RULES OF LAW RELATING TO. Before a new trial can properly be granted upon the ground of newly-discovered evidence, it must be made to appear, not only that such evidence is cumulative, but also that it is not material and competent, and that it has been discovered since the trial, and that due diligence was used to discover it before the trial.

5. **Partnership**: EVIDENCE TO BIND ONE AS PARTNER. Where it was sought to bind defendant as a partner of one O., it was proper for the jury to consider evidence to the effect that O. introduced defendant to the plaintiff's officers as his partner, and that defendant was silent, and that defendant himself at another time stated to plaintiff's officers that he and O. were partners; and to so instruct the jury in this case was not error.

*Appeal from Buena Vista District Court.*

THURSDAY, APRIL 24.

THIS action was brought on a written contract executed, as claimed by the plaintiff, by the mayor on the part of the town, and O'Conner & Ware, whereby the latter agreed to drill a well, upon certain terms and conditions, for the plaintiff. It was stated in the petition that the defendant was a member of the partnership of O'Connor & Ware, and that they had failed to comply with the contract on their part, whereby the plaintiff was damaged. The defendant alone answered the petition, and he denied the partnership and pleaded other defenses. There was a trial by jury and a verdict for the defendant. The plaintiff moved for and was granted a new trial on the ground of newly-discovered evidence. Both parties appeal, but the defendant, under the statute, must be regarded as the appellant.

*Henderson, Hurd & Daniels* and *Robinson & Milchrist,* for appellant.

*R. M. Wright* and *M. D. O'Connell*, for appellee.

SEEVERS, J.—I. A motion has been filed by the appellee to strike the evidence out of the bill of exceptions, because it 1. PRACTICE in supreme court: transcript: when not required: effect of failure to file. is not sufficiently identified; and for the same reason appellee moves the court to strike the bill of exceptions from the files. The appellee also moves the court to dismiss the appeal, because no transcript has been filed.

As to the last motion, it is sufficient to say that the uniform practice is not to dismiss the appeal for the reason stated, but to order a transcript to be filed, and continue the cause, if this is desired, until this can be done. As we understand, counsel for the appellee insist that, because no transcript has been filed, an absolute right exists to have the appeal dismissed. Such is not the rule; and we see no reason why the cause should be continued, because we have before us two abstracts which fully present the facts upon which the decision must turn.

We have before us the original bill of exceptions, and it is recited therein that the official short-hand reporter of the 2. BILL of exceptions: skeleton bill: identification of evidence by reference: what is sufficient. court, "by request and agreement of the parties, took down in writing all evidence offered, and marked and identified all instruments in writing and other papers offered in evidence, as exhibits, and took down in writing all admissions, motions and objections of parties, and all rulings of the court, and all exceptions to such rulings. And on the trial the following evidence was offered * * * *: (Here the clerk will copy and insert at length and in the order given therein the transcript of the evidence and the report of the proceedings had, as made by said short-hand reporter and filed in this cause, including said reporter's report of all evidence offered and received, of all offers, motions, admissions, objections and rulings, and exceptions taken, and also including all exhibits referred to and identified in said report, from the im-

paneling of the jury to the end of said report, being said report and transcript in full.)   And the foregoing being   *   * all the evidence offered,   *   *   the court charged the jury as follows."

The original notes of the reporter, when filed, become a part of the record. McClain's Statutes, § 3777. The clerk may certify whatever is of record.   But the abstract contains certain letters which were introduced in evidence, as appellee claims, and it is said that these are not sufficiently identified by the bill of exceptions.   It is clear, we think, that the reporter's notes are sufficiently identified, and, when filed by him, the clerk can as readily and certainly incorporate them into the transcript as the petition, or any other part of the record.

Now, the reporter "marked and identified all instruments in writing and other papers offered in evidence," and the clerk was directed to insert in the bill of exceptions "all exhibits referred to and identified in said report."   It therefore seems to us that there cannot be any reasonable doubt or uncertainty as to what exhibits or writings were introduced in evidence. It is true, the clerk in this or any other case might make a mistake, but there would be no difficulty in correcting it. The bill of exceptions under consideration is materially different from those referred to in *Hill et al. v. Holloway*, 52 Iowa, 678, and *Wilson v. Tenant*, 61 Id., 194.  If this bill of exceptions does not sufficiently identify the evidence, then the practice of preparing skeleton bills must be abandoned. The motion must be overruled.

II. One material question on the trial was, whether the defendant and O'Connor were partners, and, if not so in fact, whether the defendant had so acted and held himself out to the world that the plaintiff had the right to believe they were, and, so believing, had contracted with the partnership. The name O'Connor & Ware was signed to the contract by O'Connor.   Evidence was introduced by both parties, and, under the instructions of the court, the jury found for the

defendant, thus determining that O'Connor and the defendant were not partners, and that the latter had not so acted as to justify the plaintiff in so believing when the contract was entered into. The plaintiff moved for a new trial on various grounds, all of which were overruled, except as to newly-discovered evidence, and on this ground the motion was sustained. Of this ruling the defendant complains, and his counsel insist that the newly-discovered evidence is cumulative, and therefore the court erred in sustaining the motion.

Counsel for the appellee insist that the order of the court granting a new trial will not be as readily reversed on appeal as when the motion has been denied. That such is the general rule there is no doubt, but it should, and always in its application has been, limited to cases where there is a discretion reposed in the court below, or when the new trial is granted on the ground that the verdict is against the evidence, or because injustice has been done. Where the court grants a new trial on a ground not discretionary, and errs in the application of a legal principle in so doing, such action will be corrected on appeal just as readily as if the motion had been overruled. *Shaw v. Sweeney*, 2 G. Greene, 587; *Byington v. Woodward*, 9 Iowa, 360. No descretion is reposed in the court in determining whether or not evidence is cumulative. It is a bare legal proposition, which has been a fruitful subject of discussion in the courts for many years. It may be safely asserted that, if the newly discovered evidence is cumulative, then a new trial should not be granted to permit its introduction. There is no controversy as to the rule. The real difficulty lies in its application to the particular case in hand.

3. PRACTICE in supreme court: reversing ruling on motion for a new trial: rule stated and applied.

On the trial, letters from the defendant were introduced in evidence, which tended to show that he either admitted the partnership, or at least held himself out as a partner. These letters were written to O'Connor. Admissions of the defendant that he was a partner with O'Connor were introduced in evidence. It was shown that O'Connor introduced the de-

fendant to parties as his partner, and other evidence tending
to show the same matters was introduced.

The newly-discovered evidence is stated in three affidavits
made by Hunt, Cady and Simson. The only material fact
stated in the two last named affidavits is that O'Connor in-
troduced the defendant to the affiants as his partner, and
the defendant made no objection when so designated. Evi-
dence of this same character had been given on the trial. All
that can possibly be said is, that there were two more persons
who would testify to the same thing precisely that had been
testified to by at least two witnesses on the trial. These wit-
nesses were in no manner impeached, and it seems to us that
this evidence is so clearly cumulative as to admit of no doubt.

The contract sued on was executed in 1880, and Hunt in
his affidavit stated that during that year, and up to March,
1881, he was recorder of the town of Monticello,
and "about said year" he received a letter in his
official capacity, purporting to be dated at Du-
buque, Iowa. The letter was in reference to
artesian wells. "It was not written by Maurice O'Conner."
It had a printed letter-head, in which was the name "Ware
& O'Connor, Well Diggers." Enclosed in the same letter was a
card on which was printed the name, Ware & O'Connor, and
also the business they were engaged in." Affiant states
that the letter was in his possession a few weeks prior to mak-
ing the affidavit, but that he had made diligent search for and
could not find it.

It is conceded by counsel for the appellee that the letter
referred to by the affiant would not have been admissible in
evidence, unless it appeared that it had been written by the
defendant. If the newly discovered evidence is incompetent,
and could not be introduced, then a new trial should not be
granted. *Mather v. Butler County*, 33 Iowa, 250. The
party moving for the new trial must make it appear that the
proposed evidence is competent. But counsel say that in all
probability the letter will be found, and, if it appears to have

*Marginal note:* 4. NEW trial: newly-discov- ered evidence as ground for: rules of law relating to.

been written by the defendant, then the letter will be competent and material evidence. Conceding this to be so, should a new trial be granted when such uncertainty exists? We think not, but that it should be shown when the application is made that the newly-discovered evidence is both material and competent. The legal proposition to be determined by the court is, whether a sufficient showing has been made for a new trial. This proposition depends on two questions; *First*, Has the proposed evidence been discovered since the trial, and was due diligence used to discover it prior to that time? and, *Second*, Is the evidence competent and material? The court below held that it was both competent and material, or that it was unnecessary that this should appear from the showing made. In so holding we think the court erred.

III. The plaintiff appeals, and assigns as an error that the court erred in instructing the jury as set forth in the sixth 5. PARTNER- and eighth paragraphs of the charge, and there-SHIP: evi-dence to bind fore the court should, on this ground, have granted one as part-ner. a new trial. When the seventh and eighth instructions are considered together, we regard them as substantially correct, and that the plaintiff has no reason to complain. Both paragraphs relate to the same subject, and that is, whether the defendant held himself out as a partner of O'Connor. As applied to the evidence in this case, the essential portion of the eighth paragraph of the charge is as follows:

"Especially if you find that O'Connor introduced him as his partner to one or more members of the town council, and that Ware heard O'Connor so introduce him, and made no denial of the fact, or if you find that Ware, at the meeting of the council at which the proposition for sinking the well in question was submitted to the council, himself represented that O'Connor and himself were partners, etc." This proposition, we think, is correct, and that there is no valid objection to the whole instruction. We regard it as favorable to the plaintiff, and this is true as to the sixth paragraph of

the charge. The criticisms of counsel are not well founded, in our judgment. In this paragraph the jury are told what will constitute a partnership in fact, and we do not understand that it is claimed that the paragraph is erroneous as an abstract proposition, but that it is so when applied to the evidence in this case. We have considered all that has been said by counsel for appellee, and are unable to concur in the views presented in argument.

REVERSED on defendant's appeal.
AFFIRMED on plaintiff's appeal.