J. H. BOGGESS, Appellant, v. T. H. READ, Appellee.

1. **New Trial**: NEWLY DISCOVERED EVIDENCE: CONSTRUCTION OF TERM "CUMULATIVE." Where the newly discovered evidence for which a new trial is asked is of new facts or acts tending to favor an ultimate fact in issue, and is not merely additional proof of the same facts or acts of which evidence was offered on the trial in proof of such ultimate fact, it is not to be deemed cumulative within the rules pertaining to granting of new trials.

2. ————: ————: SHOWING OF DILIGENCE. As showing diligence to obtain such newly discovered evidence before the former trial the defendant alleged that before said trial he made inquiry of a great many persons whom he supposed had knowledge, or who would be likely to have knowledge, of the matters in issue in said case, and in each and every instance pursued each and every line or hint of evidence with diligence, to the full extent of his ability. *Held,* that the application for new trial was not deficient in the showing of diligence because the names of the persons inquired of by the defendant were not set out.

3. ————: ————: ACTION FOR SLANDER: PLEA OF JUSTIFICATION. Under the provisions of section 2837 of the Code, entitling a party to a new trial upon the ground of newly discovered evidence, without exception as to any class of cases, a defendant in an action for slander whose defense is a plea of justification may have a new trial upon the above ground.

*Appeal from Page District Court.*—HON. N. W. MACY, Judge.

TUESDAY, OCTOBER 20, 1891.

THE plaintiff's cause of action is based on the alleged publication of certain false and slanderous statements pertaining to the plaintiff, who is a minister of the gospel, to the effect that he was dishonest and lewd. The trial presented an issue of facts as to the conduct of the plaintiff in having illicit intercourse with one Mrs. Smith, and considerable testimony was adduced tending to establish the fact, as well as against it. The trial resulted in a verdict for the plaintiff. The defendant moved for a new trial upon various grounds, and among them that of newly discovered evidence. The court sustained the motion, specifying in its order that it was "granted on the ground of newly discovered evidence as set forth in the motion." From the order both parties appealed; that of the plaintiff being from the order granting a new trial, and that of the defendant from the refusal of the court to grant the new trial upon other grounds set forth in the motion. The plaintiff, in the consideration of the case, will be treated as appellant.—*Affirmed.*

C. S. *Keenan* and S. M. *McPherson*, for appellant.

*Harl & McCabe* and *Clark & Hill*, for appellee.

GRANGER, J.—I. The only question presented by the plaintiff's appeal is as to the correctness of the court's ruling in granting a new trial.

1. NEW trial: newly discovered evidence: construction of term "cumulative." Three separate assignments are urged against the action of the court: *First.* That the newly discovered evidence is cumulative; *second,* that the defendant fails to show diligence in securing the evidence for the trial; and, *third,* that a new trial should not be granted, as a matter of law, for newly discovered

evidence, where the defense is a plea of justification. The assignments will be noticed separately.

There is some danger in a court of last resort attempting to definitely define the term "cumulative," as applied to evidence. The rule is recognized that a new trial will not be granted for newly discovered evidence when it is merely cumulative. There would certainly be great danger in giving to the term its most comprehensive sense, for the law provides for a new trial because of newly discovered evidence, and a new trial is another examination of the same issues of fact. Code, sec. 2837. In practice, the first trial is always upon evidence directed to the issues. In a literal sense, that is cumulative that adds to what already is. Now, if a new trial is to be refused where it would be cumulative of evidence that tends to establish the ultimate facts or issues in the case, then the statute as to new trials for newly discovered evidence would be practically inoperative, because the application would always be because of cumulative evidence. Such a construction, so far as we know, has never been given in the application of the law as to cumulative evidence. It is urged upon us, on the authority of *First National Bank v. Charter Oak Ins. Co.*, 40 Iowa, 572, that, whenever the evidence is additional, then it is cumulative; but we think the case is authority only for a rule that, when the evidence is additional to other evidence on the same point, as distinguished from an ultimate fact, it is cumulative in the statutory sense. Now, as a defense in this case, the defendant attempted to show lewdness or adulterous conduct. On the trial already had, there was evidence of particular facts tending to show lewdness. Additional evidence as to such particular facts would be cumulative. But the showing of newly discovered evidence is that witnesses will testify to other facts from which the ultimate fact of lewdness may be found. The defendant purposes to prove acts not before

attempted to be established.   Such evidence we do not regard as cumulative, within the rule for denying a party a new trial.   *Able v. Frazier*, 43 Iowa, 176; *Parker v. Hardy*, 24 Pick. 246;   *Stineman v. Beath*, 36 Iowa, 78; *Alger v. Merritt*, 16 Iowa, 121.

II.   As to the assignment that the record does not show that due diligence was exercised to secure the evidence at the first trial, we think no error appears.   The showing, in brief, is that the defendant before the trial made inquiry of a great many persons that he supposed knew, or would be likely to know, of the relations of said Boggess with women, or touching any of the matters in issue in said case, and in each and every instance pursued each and every line or hint of evidence with diligence, to the full extent of his ability, etc.   The particular criticism upon the showing is that it does not show of whom inquiries were made, so as to leave the question of diligence one for the court, and not the affiant, and *Smith v. Wagaman*, 58 Iowa, 11, is cited.   The cases are clearly distinguishable.   In that case the showing was of the effort made to learn the name of particular persons who heard a certain conversation, and certain other persons were known to be present, an inquiry of whom would likely disclose the desired names, but the affidavit was only that inquiry was made to ascertain the names of the persons whom affiant remembered were present.   From the record in that case the court could say:   "There were certain persons of whom due diligence required that inquiry should have been made.   The affidavit may be true, and the inquiries have been made of persons known or not supposed to have knowledge of the persons or their names."   From such an affidavit the district court could well say it was not satisfied, or did not believe, that diligence had been exercised, as it, in effect, did, and this court affirmed its action.   The affidavit in this

*2. ———: ———:*
*showing of*
*diligence.*

case is materially different, and one from which the district court could believe and find that due diligence had been exercised, and with such a finding we cannot interfere. The fact that the affidavit states conclusions, rather than particular facts from which the conclusions might be found, goes rather to the value of the affidavit as evidence than to its legality as such. The query is presented if it should not appear that counsel for the defendant did not know of this evidence. To hold that such a showing must be made would be equivalent to assuming such knowledge on the part of counsel, and we think that such a rule does not and should not prevail. Nothing in the record will justify our interference with the action of the court on the question of diligence.

III. Is it the law that, under a plea of justification in such a case, a new trial should not be granted? There is a faint showing of authority to support the rule, but, in view of our statute, its value need not be discussed. Code, section 2837, treats of new trials, and provides "that * * * the verdict * * * shall be vacated, and a new trial granted, on the application of the party aggrieved, for the following causes, affecting materially the substantial rights of such party: * * * *First*. Newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial." No class of cases in which there is a verdict is excepted from the operation of the statute, and it seems to us conclusive of the question.

The defendant's appeal appears to be only to maintain the order for a new trial in case of a reversal on the plaintiff's appeal. It is not, therefore, necessary to consider questions therein presented. Affirmed.

3. ——: ——: action for slander: plea of justification.