MARY S. HEMMER, Appellant, v. CHARLOTTE M. BURGER.

**New trial:** NEWLY DISCOVERED EVIDENCE. A new trial will not be
granted on the ground of newly discovered evidence where
such evidence is merely cumulative.

*Appeal from Johnson District Court.*— HON. O. A. BYING-
TON, Judge.

MONDAY, JUNE 12, 1905.

THIS case comes to us on an appeal from an order
denying a new trial because of newly discovered evidence.
The issue in the original case was the boundary line between
the properties of the parties, the plaintiff averring and con-
tending that the true boundary line was marked by a division
fence, recognized and maintained by the parties and their
grantors for more than 10 years, and the defendant denying
the existence of a fence for a period of 10 years, and the
other allegations of the petition. After a full hearing on
the merits, there was a judgment for the defendant, and
thereafter within the statutory time a petition for a new
trial was filed, and a hearing had thereon. A new trial was
denied, and the plaintiff appeals.— *Affirmed.*

*Howell & Wilson* and *Baker & Ball,* for appellant.

*G. A. Ewing,* for appellee.

SHERWIN, C. J.— The questions tried in the original
case were whether the division fence was built ten or more
years before suit was commenced, and whether it was recog-
nized by the owners of the land as the true boundary between
them, the real contest being over the time when the fence
was built. The plaintiff's evidence located a certain wood-
house as being on the boundary line that she claims to have

been so acquiesced in, and a fence extending west from the northwest corner of the woodhouse as the fence that had been built more than ten years before. The newly discovered evidence on which a new trial was asked related to the location of the same woodhouse and fence, and to the time when they were built, and to nothing else; and under the well-settled rule it was merely cumulative evidence, for which a new trial will not be granted. *Donnelly v. Burkett,* 75 Iowa, 613; *State v. Oeder,* 80 Iowa, 72; *Stineman v. Beath,* 36 Iowa, 73; *Boggess v. Read,* 83 Iowa, 548; *Bank v. Ins. Co.,* 40 Iowa, 572; *Morrow v. Ry. Co.,* 61 Iowa, 490. It is not always an easy matter to determine whether evidence is merely cumulative or otherwise, but a careful examination of the plaintiff's original evidence and the newly discovered evidence leaves no doubt in our minds as to the character of the latter.

The appellee also urges that reasonable diligence was not shown, but we do not pass on this point, preferring to place our decision on the ground stated. We think there was no abuse of discretion in refusing a new trial, and the order is *affirmed.*