## STATE v. LAPER.

The granting of a new trial for newly discovered evidence, which is simply cumulative, or impeaching, and would not probably change the verdict on another trial, will ordinarily be denied.

To obtain a new trial for newly discovered evidence, accused must show his exercise of due diligence to procure the evidence at the former trial.

On a prosecution for receiving stolen property, one of the material questions presented was as to the identity of the animal alleged to have been stolen. One person from whom the animal was alleged to have been stolen testified that the animal found in accused's possession was the one that had been lost or stolen from him on a certain date, and accused testified that he owned the

animal who was the dam of the one in controversy, which was a colt raised by him, and had remained in his possession up to the time of the trial, and his testimony as to the ownership was corroborated by several witnesses. On rebuttal, the state introduced testimony of several witnesses tending to corroborate the statements of the person from whom the animal was alleged to have been stolen. **Held,** that accused was not bound to anticipate that the rebutting testimony would be such as to overcome the testimony introduced by him in support of his ownership of the animal, and was not guilty of such want of diligence in not producing other witnesses as' to his ownership as would preclude his obtaining a new trial for such newly discovered evidence.

In a prosecution for receiving stolen property, accused's testimony as to his ownership of the animal was corroborated by witnesses who testified that they had known the animal alleged to have been stolen in 1906 and received by accused since 1905, that it was the property of accused, and that at various times they had seen the animal in the possession of accused, being used and driven by him. **Held,** that newly discovered evidence that the animal had been in the possession of accused from the year 1903 as a colt and from 1905 as a two-year-old, but which did not tend to support the statement of any particular witness who had testified on the trial that at a particular time and place he had seen the animal in the possession of accused prior to January, 1906, but rather that they had seen the animal in accused's possession at other times, not referred to by witnesses who had testified, while tending to establish the same ultimate fact, was not cumulative, precluding a new trial.

Where the court can see from the character of the evidence sought to be introduced upon a new trial that it would probably change the result or tend to raise a doubt in the minds of the jury as to a material issue, a new trial should be granted, though, under the technical rules of court, it would ordinarily be denied on the ground that the newly discovered evidence was cumulative.

It is not the theory of the law that rules established by courts for promotion of justice and the ending of litigation should be used for the purpose of injustice or in denying to an accused an opportunity to establish his innocence of the crime charged upon a proper showing of newly discovered evidence.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Edmunds County. Hon. J. H. Bottum, Judge.

George R. Laper was convicted of receiving stolen property, knowing it to have been stolen, and he appeals from the judgment of conviction, and an order denying a new trial. Reversed, and new trial granted.

*J. H. Perry* and *C. H. Barron,* for appellant. *S. W. Clark,* Att. Gen., and *M. Plin Beebe,* State's Atty., for the State.

CORSON, J. The defendant, upon an information filed by the state's attorney of Edmunds county, was tried and convicted of a crime of receiving stolen property, knowing it to have been stolen. From the judgment of conviction and order denying a new trial, the defendant has appealed to this court. It is stated, in substance, in the information, that the property alleged to have been received by the defendant knowing it to have been stolen was one sorrel mare with white hind legs and one white fore foot and bald face, stolen by one Henry T. Laper on the 17th day of January, 1906, and that the said defendant on September 25, 1906, had received the same, knowing the same to have been stolen.

Numerous errors are assigned on the part of the defendant, among which are alleged errors of the court in denying a new trial on various grounds, and in denying defendant's motion for a new trial on the ground of newly discovered evidence. It is contended by the Attorney General on the part of the state that the motion for a new trial on the ground of errors of law occurring at the trial was not properly presented to the trial court. In the view we take of the case, it will not be necessary to consider or discuss the various points made by the Attorney General, relative to the motion for a new trial, on the ground of errors occurring at the trial, as we shall confine ourselves exclusively to the motion for a new trial upon the ground of newly discovered evidence.

On the trial one of the principal questions presented by the evidence was as to the identity of the animal alleged to have been stolen and received by the defendant. It was alleged in the information that the mare stolen was the property of one Joseph Wentz, and on the trial the defendant offered evidence tending to prove that the animal found in his possession was raised by him from a colt whose dam was owned by him, and which was foaled in the year 1903, and remained on the ranch owned by Henry T. Laper until the spring of 1905, when it was taken by the defendant to his own ranch in Edmunds county, and there kept until the time of the trial in the spring of 1909. The evidence in regard

to the identity of the animal stolen or lost by Joseph Wentz and the one found in the possession of the defendant was conflicting, but the jury found by their verdict that the animal alleged to have been stolen from Wentz and found in the possession of the defendant belonged to the said Wentz. The defendant on the trial testified himself in his own behalf, that he owned the mare, the dam of the mare in controversy, that the same was a colt raised by him, and had remained in his possession up to the time of the trial. His testimony, as to the ownership of the mare, was corroborated by several witnesses, but on rebuttal the state introduced a number of witnesses whose testimony tended to corroborate the statement of Wentz that the mare found in the possession of the defendant was the one that had been lost or stolen from him on the 17th day of January, 1906. On the motion for a new trial on the ground of newly discovered evidence, the affidavits of 23 witnesses were introduced on the hearing, all tending to prove that the defendant was in the possession of the mare in controversy as early as 1905, and the testimony of several of them tended to prove that the defendant had been in possession of the mare from the time it was foaled in 1903 up to the time of the trial.

The court in denying the new trial states as the principal ground upon which it denied the motion that the defendant did not show proper diligence in procuring the evidence sought to be introduced upon the new trial. The affidavits are very voluminous extending over some 50 pages of the abstract, and we shall therefore not attempt to reproduce them in this opinion. The evidence is of such a character as to tend to establish the fact that the mare alleged to have been stolen and received by the defendant was in fact the property of the defendant and not of Wentz as claimed by the prosecution, or at least as tending to raise a doubt in the minds of the jury as to the guilt of the defendant. The granting of a motion for a new trial upon the grounds of newly discovered evidence is not favored by the courts, and where the evidence is simply cumulative, or merely impeaching evidence, and would not probably change the verdict on another trial, the motion will ordinarily be denied; and, in order to obtain a new trial

upon the ground of newly discovered evidence, defendant must
show that he has used due diligence to procure the evidence at the
former trial.

As above stated, the defendant introduced several witnesses
on the trial who testified that they had known the mare alleged
to have been stolen and received by the defendant since 1905, and
that the same was the property of the defendant, and tends to
rebut the contention of the state at the time it had rested its case.
We are of the opinion that the defendant was not bound to antici-
pate that the rebutting testimony would be of such a character as
to overcome the testimony introduced by him in support of his
ownership of the property, and that he is not charged with a want
of due diligence in not producing the witnesses in support of his
ownership of the property whose affidavits were read on motion
for a new trial. It is true that the witnesses whose testimony is
sought to be obtained on the new trial live in the county, but their
evidence is of such a character that the defendant could not have
readily known without specially interviewing each of the witnesses
as to the testimony he would give on the trial in regard to the
defendant's ownership of the property. While this court has
generally held that merely cumulative evidence, or impeaching
evidence, or evidence that the court cannot clearly see might lead
to a different verdict upon another trial, or where due diligence
has not been used, a new trial would not be granted, we are of the
opinion that in the case at bar, however, the evidence sought to be
introduced is not cumulative in the sense in which that term is
generally used, as the ownership of the property by the defendant
is sought to be shown by witnesses who have, at various times
since 1903, seen the mare in the possession of the defendant, driven
and used by him, under such circumstances that they could not
possibly be mistaken as to the identity of the mare as being the
one so claimed by and in the possession of the defendant. The
contention that the newly discovered evidence sought to be pro-
duced is simply cumulative is not tenable. It is true witnesses
were introduced on the trial tending to prove that at various times
between 1905 and the time of the trial they had seen the mare
found in the possession of the defendant at the time of the trial

in the possession of the defendant and being used and driven by him.

The evidence of the witnesses whose affidavits were used on the hearing, while tending to establish the ultimate fact that the defendant was the owner of the mare, and that it had been in his possession from the year 1903 as a colt, and 1905 as a two year old, in the possession of, used, and driven by the defendant, the evidence did not tend to support the statement of any particular witness who had testified on the trial that at a particular time and place he had seen the mare in the possession of the defendant prior to January, 1906, but that they had seen the animal in the possession of the defendant at other times not referred to by the witnesses who had testified in the case. Such evidence, therefore, was not cumulative because it tended to prove the ultimate fact by evidence of the witnesses that they had seen the mare in the possession of and used by the defendant prior to January, 1906. The rule applicable to cumulative evidence was quite fully discussed by this court in the case of In re McClellan's Estate, 21 S. D. 209, 111 N. W. 540. In the case of Boggess v. Read, 83 Iowa, 548, 50 N. W. 43, the Supreme Court of Iowa discussed the question of cumulative evidence quite fully. The action was an action for slander charging a clergyman with lewdness. There was a verdict for the plaintiff, a motion for a new trial on the ground of newly discovered evidence, and an appeal. Granger, J., who delivered the opinion of the appellate court, said: "When evidence is additional to other evidence on the same point as distinguished from an ultimate fact, it is cumulative * * * As a defense in this case the defendant attempted to show lewdness or adulterous conduct. On the trial already had, there was evidence of particular facts tending to show lewdness. Additional evidence as to such particular facts would be cumulative. But the showing of newly discovered evidence is that witnesses will testify to other facts from which the ultimate fact of lewdness may be found. The defendant purposes to prove acts not before attempted to be established. Such evidence we do not regard as cumulative within the rule for denying a party a new trial." 8 Am. Eng. Enc. of Law, p. 465.

The ultimate fact sought to be established in the case at bar by the defendant was that he had been the owner of the mare found in his possession at the time of the trial since the time it was foaled in 1903, and, if this ultimate fact was established, the defendant could not have been guilty of receiving the same as stolen property subsequently to January 17, 1906. The witnesses on behalf of the defendant had testified that at various times between 1903, when the mare was a colt and the time of the trial, they had seen her in the possession of the defendant. The new evidence sought to be introduced, it is true, was intended to establish the same ultimate fact by showing that different witnesses had at other times than those testified to seen the identical mare alleged to have been received as stolen property by the defendant in the possession of and used by the defendant prior to the time it was alleged to have been stolen in January, 1906, in the possession of and used by the defendant at various times prior to January, 1906, and subsequently, but not at the particular times and places testified to by any of the witnesses who had testified on the trial. Clearly, therefore, the testimony proposed to be given by the newly discovered witnesses was not cumulative, and the objection made to the granting of the motion upon that ground was untenable.

The trial court in its opinion given on the motion for a new trial says: "In reference to the application for a new trial * * * on the ground of newly discovered evidence, would say that, owing to the fact that this application has appealed so strongly to me from an equitable standpoint, I have endeavored to make an exhaustive examination of the authorities bearing upon this question. * * *" He further says in the course of the opinion: "I am of the opinion that this testimony, if produced, would be likely to change the result." The court, however, notwithstanding these views, seems to have been of the opinion that under the weight of authority it was required to deny the motion. But in our opinion these two findings of the trial court were sufficient to warrant it in granting a new trial, even though, under the technical rules governing the courts relative to motions for a new trial, the same would ordinarily be denied. A motion for a new

trial on the ground of newly discovered evidence is largely in the sound judicial discretion of the trial court, and the court's decision will not ordinarily be reversed unless there has been an abuse of such discretion, but, where the court can see from the character of the evidence that is sought to be introduced upon a new trial it would probably change the result or tend to raise doubts in the minds of the jury as to the ownership of the property alleged to have been received, it should not hesitate to grant a new trial in order that the defendant may have the opportunity of presenting his defense to another jury when the same can be done without violating any positive provisions of law. It is not the theory of the law that rules established by the courts for the promotion of justice and the ending of litigation should be used for the purpose of injustice, or in denying to a defendant in a criminal case an opportunity to establish his innocence of the crime charged upon a proper showing of newly discovered evidence. In our opinion, therefore, under the showing made on the motion for a new trial on the ground of newly discovered evidence, the motion should have been granted. In the view we take of the case, it will not be necessary to consider or discuss any of the other questions presented on this appeal, as they may not arise on another trial.

The order of the circuit court denying a new trial is reversed, and a new trial is granted.