ECKEL v. WALKER ET AL.

1. **Practice**: NEW TRIAL: TIME FOR MOTION. The consent entered of record extending the time for filing a motion for a new trial, in the absence of any stipulation as to what causes shall be included in the motion, has the effect to extend the time for filing a motion for all the causes for which at any time a motion may be filed.

2. ——: ——: NEWLY DISCOVERED EVIDENCE. Facts considered which were held to constitute reasonable diligence in procuring newly discovered evidence.

*Appeal from Clayton Circuit Court.*

THURSDAY, APRIL 18.

ACTION upon a promissory note. The defense was payment. There was a trial by jury, and a verdict for the plaintiff. A motion for a new trial was sustained, and plaintiff appeals.

*Murdock & Larkin*, for appellants.

*James O. Crosby* and *L. O. Hatch*, for appellees.

ROTHROCK, CH. J.—I. At the trial, defendants introduced evidence tending to show that the defendant Werges, in pursuance

Eckel v. Walker.

of an agreement with plaintiff, paid to one Krueger the amount due on the note in suit, and that plaintiff received one hundred dollars of the amount, and loaned to Krueger the remainder, for which he received no new obligation.

The case turned upon the question as to the payment to Krueger, and whether he received it as the agent of plaintiff. The evidence consisted principally of plaintiff's alleged admissions to the defendant Werges and his son.

These admissions were denied by plaintiff. The case was tried at the March Term, 1876. Upon the return of the verdict the following record entry was made. "By consent, motion for a new trial to be filed in 60 days—continued."

1. PRACTICE: new trial: time for motion.

By agreement of the parties, the time for filing the motion was extended to the June Term, 1876.

On the seventh day of June, 1876, a motion for a new trial was filed, and the cause was continued to the March Term, 1877. The motion was based on two grounds, viz: *First*, that the verdict was not sustained by sufficient evidence; *second*, for newly discovered evidence as shown in certain affidavits.

When the extension of time for filing the motion was agreed upon, the plaintiff did not in terms agree to waive the manner which the law provides a party shall pursue to obtain a new trial on newly discovered evidence.

As we understand the record, the time fixed by order of the court was merely extended, without any agreement as to what the motion should or should not contain.

At the March Term, 1877, the plaintiff moved to strike out the second cause in the motion for a new trial, and the affidavits in support thereof, because the motion on the ground of newly discovered evidence was not made at the term at which the cause was tried, and within three days after the verdict, and the application for a new trial on this ground should have been by petition.

This motion was overruled, and the ruling is assigned as error.

We see no error in this. The consent entered of record that the defendants should have sixty days to file motion for a new trial, in the absence of any stipulation as to what causes should be included in the motion, extended the time for all causes for which a motion could at any time be filed. The same may be said of the extension of the time beyond sixty days.

II. It is urged that the defendants did not show that they exercised reasonable diligence in endeavoring to procure the newly discovered evidence before the trial.

The affidavit of the defendant Werges, in support of the motion, sets forth that he discovered the evidence after the 2. ——: ——: trial, and that he could not with reasonable dili- gence have discovered it, and produced it at the trial. The evidence consists of certain material admissions made by the defendant to three different witnesses.

*2. newly discovered evidence.*

It is shown that two of these witnesses did not communicate the admissions to any one, until after the trial, and that the other was absent from the State when the suit was brought, and until after the trial.

It does not appear that any diligence upon the part of defendants would have discovered this evidence. They had no reason to believe that plaintiff made any such admissions to these witnesses, and it cannot be claimed that diligence requires that the defendants should have made particular inquiry of all persons within the range of plaintiff's acquaintance, to ascertain what, if any, conversations they might have had with plaintiff upon the subject-matter of the suit.

III. Lastly, it is urged that a new trial should not have been granted because the newly discovered evidence is merely cumulative. It is true certain admissions of the plaintiff were sworn to by one of the defendants and his son, but the admissions set out in the affidavits in support of the motion, while they tend to establish the same ultimate fact,

are not evidence of the same kind to the same point. We need not particularize or set out the evidence.

We discover no abuse of discretion in the order granting the new trial. Appellate courts are justly much less inclined to interfere when a new trial has been granted, than when refused.

AFFIRMED.