AT

## DES MOINES, JUNE TERM, A. D. 1883.

IN THE THIRTY-SEVENTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES G. DAY. CHIEF JUSTICE.
" JAMES H. ROTHROCK,
" JOSEPH M. BECK,
" AUSTIN ADAMS, } JUDGES.
" WILLIAM H. SEEVERS,

---

## BLAKE v. BARRETT.

1. **Evidence:** SALE: ESTOPPEL. The statements of a party to the record are always admissible against him. Hence, in this case, where plaintiff sued defendant for the value of corn which defendant had purchased from a third party, relying upon the statements of plaintiff that said third party was the owner of the corn, *held* that it was error to deny defendant the privilege of proving the statements made by plaintiff as to the ownership of the corn.

2. **Estoppel:** EVIDENCE TO ESTABLISH. Where the statements of plaintiff were plead as an estoppel, it was error for the court to instruct the jury that the defendant, in order to make good the defense of estoppel, must prove that the statements so made by plaintiff were true.

*Appeal from Harrison District Court.*

TUESDAY, JUNE 5.

THE plaintiff brings this action to recover of the defendant the value of over fourteen hundred bushels of corn. The plaintiff alleges that the corn in question was raised upon premises which he rented from one Addie E. Barber, and was his property, and that the defendant obtained possession thereof by force and threats, and converted the same to his own use. The defendant, for answer, denies that the corn referred to in the petition was the property of the plaintiff, and alleges that, prior to the time he took possession of the corn, the plaintiff represented that the corn belonged to one F. J. Barber, and counseled and advised the defendant to purchase the same of Barber, which the defendant did, relying upon the representations of plaintiff, that the land described in plaintiff's petition did not belong to Addie E. Barber, but belonged to her husband, F. J. Barber, and was fraudulently conveyed by F. J. Barber, without consideration, to his wife, to hinder and defraud his creditors, and that plaintiff rented the lands of Addie E. Barber, to assist said Barber and wife in defrauding defendant in the collection of a just claim against the said F. J. Barber. The trial was to a jury, and resulted in a verdict and judgment for plaintiff for $450.50. The defendant appeals.

*L. R. Bolton*, for appellant.

*E. K. Burch* and *S. H. Cochrane*, for appellee.

DAY, CH. J.—The evidence shows that the plaintiff entered into a written lease with Addie E. Barber for certain premises, for the term of one year, from the first day of March, 1879, agreeing to pay for the rental one-third of all the crops raised, and that he raised on said premises over six thousand bushels of corn. On the 16th day of June, 1879, F. J. Bar-

ber executed to the defendant a bill of sale for an undivided one-third interest in all the crops on the land described in the petition. The evidence tends to show that, at the time of the execution of the bill of sale, F. J. Barber was indebted to the defendant, and that, before the bill of sale was executed, the plaintiff told the defendant that he rented the farm of F. J. Barber, and advised him to get a bill of sale of one-third of the crop, and that the defendant obtained 1494 bushels of corn, which was hauled for him by the plaintiff. The evidence tends to show that the corn was undivided in the cribs on the farm, and that plaintiff hauled and sold a portion of it as his own, and hauled to the defendant the quantity above named, pursuant to the bill of sale.

I. Whilst the corn was being delivered, and when the defendant had received from six to nine hundred bushels of it, 1. EVIDENCE: the plaintiff informed the defendant that Barber sale : estoppel. came about dark and took some of the corn away. At the suggestion of the plaintiff, the defendant had Barber arrested and tried before a justice of the peace for taking the corn. Upon this trial the plaintiff was a witness on behalf of the state. The justice before whom the case was tried was introduced as a witness, and asked what the plaintiff testified with regard to the ownership of the corn, with the stealing of which Barber was charged. The witness was further asked, what, at any time, he had heard plaintiff state as to who owned the corn raised in the year 1879, on the F. J. Barber farm, and also, as to what he had heard him state as to who owned the one-third of the crop raised in the year 1879, on the F. J. Barber farm. These questions were objected to and the objection was sustained. We think the witness should have been required to answer the questions. The statements or admissions of a party to the record are always admissible against him. It is said, however, that this testimony had relation to the corn taken by Barber, and not to the corn in controversy in this suit. But the evidence shows that the corn was undivided, and also that the defendant ob-

tained less than one-third of the corn raised on the farm. Hence the materiality of showing to whom the one-third of the corn belonged.

II.   The court instructed the jury as follows:   "The defendant pleads that the plaintiff is estopped to recover the value of the corn in dispute.   This is an affirmative plea by defendant, and before it can defeat plaintiff's right to recover, he, the defendant, must prove the said defense by a preponderance of the evidence.   To establish this defense the defendant must show that the corn, at the time of the execution of the bill of sale, and at the time it was gotton by the defendant, was the property of F. J. Barber; that the plaintiff knew this at the time, and that said Blake, while so knowing, represented to the defendant, Barrett, that the corn belonged to said F. J. Barber, and that defendant wholly relied upon said representation, and by reason thereof took a bill of sale of the corn, and thereafter got the corn.   It must be further shown that said bill of sale was taken as an absolute sale of the corn, and not merely to secure a prior debt due from Barber to defendant, Barrett.   If it is not so shown, then the defense is not established."

2. ESTOPPEL: evidence to establish.

This instruction is erroneous, and, we think, was prejudicial to the defendant.   To establish the defense of an estoppel against the plaintiff, growing out of his representations as to the ownership of the corn, it is not necessary to prove that the corn belonged to F. J. Barber.   If the corn in fact belonged to F. J. Barber, there would be no necessity for invoking an estoppel, and in fact could be no estoppel.   An estoppel arises only where a party has by his conduct placed himself in a position that he cannot be allowed to show the truth.   Other errors discussed by the appellant, amongst which is the refusal to grant a new trial on the ground of newly discovered evidence, need not be considered.   The judgment is

REVERSED.