ANDREW K. MURRAY, Appellant, v. MAX WEBER.

GRANTING NEW TRIAL IS LARGELY DISCRETIONARY: SUBSEQUENT DISCOV-
ERIES WARRANT: ADMISSIONS MADE BY AGENT OF PREVAILING PARTY ARE
COMPETENT: IMPEACHING AND CUMULATIVE EVIDENCE DEFINED: SUF-
FICIENT DILIGENCE SHOWN.

Appeal from Scott District Court.—HON. P. B. WOLFE, Judge.

WEDNESDAY, OCTOBER 10, 1894.

THIS is an appeal from an order granting a new trial in an action for
the alleged wrongful conversion of a stock of boots and shoes. There was
a trial by jury, and a verdict for plaintiff, which was set aside, and a new
trial ordered. Plaintiff appeals.—*Affirmed.*

*E. M. Sharon* and *Jas. D. Shearer* for appellant.

*Cook & Dodge* and *Bills & Hass* for appellee.

ROTHROCK, J.—I. It is not denied that the plaintiff was the owner
of some shoes, fixtures, furniture, and tools which were stored on the
upper floor of a building occupied by the defendant as a tenant.
On the seventh day of April, 1891, the said property was consumed by
fire. The matter of dispute between the parties is whether the defendant
should pay the plaintiff for the loss. It appears that the plaintiff formerly
carried on the boot and shoe business in the building, and that he occupied
the same under a lease from Biederbeck & Miller, the owners. By an
arrangement with one Vogelmuth, the lease was surrendered, and the
owners made a lease to Vogelmuth, who occupied the building from about
January 1, 1891. Afterward the lease was changed, and the defendant
became the tenant of Biederdeck & Miller. When the plaintiff surrendered
the possession of the building, there was an arrangement made with
Vogelmuth, by which the old stock of shoes was deposited on the third
floor, where they remained until they were destroyed by fire. The con-
flict in the claims of the respective parties arises upon the arrangement
by which the goods were left in store, and the subsequent acts of the
parties. Some time before the fire the plaintiff commenced to remove the
goods, and was prevented from doing so by the defendant, on the ground
that rent was due for the storage of the goods. The plaintiff claimed that
no rent was due, for the reason that it was agreed that the rent should be
set off against an account which plaintiff held against the defendant for
some curtains, window shades, etc., which he sold to the defendant when
the possession of the store was given by the plaintiff. We will not set out
the evidence nor refer to it further than to say that it was in conflict as to
the terms upon which the goods were left in store. Indeed, there was
little else than conflict on this question. The two principal parties to the

negotiations which culminated in leaving the shoes and other property in the building were E. M. Murray and Vogelmuth. The court submitted the case to the jury on the theory that if any rent was due it was incumbent on the plaintiff to make a tender to the defendant of the amount necessary to discharge that obligation before he could lawfully remove the goods.

II. One ground of the motion for a new trial was certain alleged newly discovered evidence, founded upon an affidavit of which the following is a copy: "I, F. H. Miller, being duly sworn, on oath say that about eight or nine days before the fire which consumed the buildings known as numbers 111 and 113 West Second street, Davenport, Iowa, I had a conversation with E. M. Murray as follows: There was a truck standing in front of Max Weber's store, number 111 West Second street, and Mr. Murray, with some assistants, was putting some shoe boxes on there. I was standing in front of the door of the adjoining building, occupied by Biederbeck & Miller, when Mr. Murray said to me: 'Just look at that. Those darned fellows won't let me take the goods away.' I asked him what the matter was, and he said that they demanded more rent than he owed them. I told him that Mr. Weber was away, and asked him why he didn't pay the rent under protest, and take a receipt, and that Mr. Weber would doubtless straighten it out when he returned. He said the reason that he did not pay the rent was because he didn't have the money. He told me the amount which they demanded, which I recollect was nominal,— twenty dollars, or thirty dollars, I believe. He said that he had sold them some goods; that there was some settees that they didn't want to pay for; and that they demanded more money than he owed them for the rent." The defendant filed his own affidavit in support of the motion, in which he stated that he discovered that Miller would testify as stated in his affidavit after the cause was finally submitted to the jury, and that he had no reason to suspect the existence of said evidence at the time of the trial of the cause. Miller was examined as a witness on the trial, but he was not called for the purpose of testifying to the terms of the agreement under which the goods were left in store. He was one of the members of the firm of Biederbeck & Miller, the owners of the building, and was examined as to the facts attending the execution of the leases for the premises. It is claimed that the alleged newly discovered evidence is incompetent; that it is impeaching, and cumulative; and that there is no showing of diligence to discover the alleged new evidence, nor that it could be produced on a new trial. There is no question, in our minds, as to the competency of the evidence. E. M. Murray was not a party to the record in the case, but he appears to have had full control of all the business of the plaintiff in connection with the property. He gave up the lease; he made whatever contract was entered into with reference to the storage of the goods; and he was the principal witness for the plaintiff on every material question in the case. The proposed evidence of Miller would contradict him in a most material respect, and would tend to corroborate the evidence in behalf of defendant. It is not cumulative evidence, because it is not evidence of the same kind to the same point. If a witness had

testified to this same conversation, the evidence of Miller would be cumulative, because it would be within the well known rule as to what is cumulative evidence. It is, in a certain sense, impeaching evidence. It is not general impeaching evidence, going to the reputation of Miller for truth. It is contradictory of his evidence, and tends to support the defense. This court has uniformly held that the party asking a new trial on this ground must show that he exercised diligence to discover the evidence before it was too late to be used on the trial, and that the evidence can be produced if a new trial is ordered. We think the showing is sufficient in these respects. It appears from the record that Miller's place of business was near the building where the goods were stored, and it surely ought not to be thought necessary to show that he could be compelled to appear and testify as a witness if compulsion was necessary. The showing of diligence is that defendant had no reason to suspect that Miller had any such conversation with Murray. We are not disposed to hold that the court improperly exercised its discretion in ordering a new trial. It is to be remembered that it requires a strong showing of abuse of discretion to authorize this court to overrule an order of the district court granting a new trial. In our opinion, the order of the district court should be AFFIRMED.