## Means Brothers v. John Yeager, Appellant.

**New Trial.** The granting of a new trial on the grounds of newly discovered evidence operates as a vacation of a judgment rendered in the cause.

**Practice.** Where the filing of a motion for new trial after three days, and during the term is allowable, the motion may be later amended by the filing of an affidavit, showing additional newly discovered evidence.

**Notice.** Where a motion for a new trial is resisted, failure to give notice of the motion is of no consequence.

**Practice in Supreme Court.** Where objections to the form of a motion do not appear to have been ruled on below, the propriety of the motion will not be reviewed.

**Evidence** of admissions made in talks, and to persons different from those testified to by witnesses on the trial, are not cumulative evidence.

*Appeal from Boone District Court.*—Hon. D. R. Hindman, Judge.

Friday, January 24, 1896.

This action was brought to recover three hundred dollars as compensation to the plaintiffs for selling a farm for the defendant. There was a trial by jury, and a verdict for the defendant. Plaintiffs filed a motion for a new trial, which motion was sustained, and defendant appeals.—*Affirmed.*

*Jordan & Brockett* for appellant.

*J. R. Whitaker* and *S. R. Dyer* for appellees.

Rothrock, C. J.—I. The plaintiffs had no written authority to sell the defendant's farm. They claim that, being engaged in the real-estate business, the defendant verbally requested them to make a sale of

his farm, and in pursuance of that request they found a purchaser, who bought the farm, and they claim that they are entitled to a reasonable commission or compensation for their services. The defendant, by his answer, admitted that the plaintiffs were in the real estate business, and denied every other allegation in the petition. W. B. Means, of the firm of Means Bros., plaintiffs, testified as a witness that the defendant put the sale of his farm in the hands of plaintiffs. The farm was sold to one Hannah. He testified that the defendant stated to him that he had left the farm with Means to sell. The defendant testified that he at no time authorized the plaintiffs to sell the farm. And a son of the defendant testified that he had a conversation with W. B. Means before the sale, in which Means stated that he did not have the selling of the farm. It will be seen from the above statement that there was a strong conflict on the question of fact at issue.

II.   Within three days after verdict, and on the fourteenth day of January, 1893, the plaintiffs filed a motion for a new trial, which set forth the grounds therefor as follows: "(1) That the verdict of the jury is contrary to and in conflict with the evidence; (2) that the verdict of the jury is contrary to and in conflict with the instructions of the court; (3) that the verdict is not sustained by sufficient evidence; (4) that the verdict is contrary to law." This motion was overruled. At the same term, and on the twenty-eighth day of January, 1893, the appellees filed a motion for a new trial upon the ground of newly discovered evidence, and on the twenty-first day of August, 1893, they amended that motion. The motion, as amended, came on for hearing at the October term, 1893. If the filing of the motion after three days and during the term was allowable, then the party filing the motion had the right to amend

it later on, provided the amendment was upon the same ground as the original motion for a new trial on the ground of newly-discovered evidence. The amendment in this case was nothing more than an additional affidavit of newly-discovered evidence. See *Sowden v. Craig*, 20 Iowa, 477; *Dutton v. Seevers*, 89 Iowa, 302 (56 N. W. Rep. 398). Counsel for appellant insist that the motion for new trial on the ground of newly-discovered evidence should not have been entertained by the court, because it was not in the form of a petition, and reliance is had upon section 2838 of the Code, which fixes the time within which motions for new trial must be filed. We do not think the record before us authorizes this court to determine that question. It does not appear from the record that the district court made any ruling on that question. It is true that the following language is found in appellant's abstract: "That at the October term, 1893, of said court, Hon. D. R. Hindman, judge, the attorneys for the appellees called up their motions herein referred to for a new trial for submission to the court; that the court, after inspecting the record, ruled that the appellant must appear to said motion; and that the serving of the notice was not required by law,—to which ruling the appellant at the time excepted." The transcript of the record does not contain the above-quoted language. Later in the term the defendant filed written objections to and resistance of the motion for a new trial. This writing is found in the record, but it is not in the form of a motion to strike the application for a new trial from the files, because the application should have been in the form of a petition. Indeed, the word "petition" is not to be found in the writing. The principal ground of objection was that the defendant

was entitled to the service of a notice before making an appearance. No ruling was had on these objections. The defendant filed an affidavit in resistance to the motion for a new trial, in which he denied the truthfulness of the affidavits of newly discovered evidence; and, as the defendant was present in court, resisting the motion, it was wholly unnecessary that any ruling should be made as to whether notice should have been served upon him.

III. It is said that the court erred in sustaining the motion for a new trial, because it is founded on what is known as "cumulative evidence." The affidavits in support of the motion for a new trial relate to admissions made by the defendant that he had authorized the plaintiffs to sell his farm, and they appear to have been made in other conversations, and with other witnesses, and at other times, than those testified to by the witnesses on the trial. Cumulative evidence has been defined to be evidence of the same kind to the same point. Again, it has been said to be that evidence which goes to prove the same point which has been established by other evidence. Difficult as it is in many cases to determine when evidence is cumulative, yet we think that this newly-discovered evidence lacks one essential element of being cumulative. Each one of the affidavits describes a different transaction from that testified to by the witnesses on the trial. If all of them were present when the admission was made, and part of them were called and examined as witnesses, there would be much more ground for holding that what a witness would testify to on a new trial would be cumulative. But as all the admissions were separate and independent of any other, we think it cannot be said that the newly-discovered evidence is cumulative. As supporting these views, see *Boggess v. Read*, 83

Iowa, 548 (50 N. W. Rep. 43); *Murray v. Weber,* 92 Iowa, 757 (60 N. W. Rep. 492).

IV.   It is claimed in behalf of appellant that no motion for a new trial could be entertained because a judgment had been entered of record before the motion for a new trial was filed.   It was held in *Low v. Fox,* 56 Iowa, 221 (19 N. W. Rep. 131), that the granting of a new trial after a formal entry of judgment upon the verdict operates as a vacation of the judgment.

V.   It is said that there was no such diligence to discover the evidence as would authorize a new trial. The showing, as we view it, was full and satisfactory.

The order setting aside the verdict and granting a new trial is *affirmed.*