J. M. BULLARD v. E. G. BULLARD, Administrator, Appellant.

112   423
123   431

112   423
130   553

**Evidence:** ADMISSIONS: *Competency.* In a suit to have a bill of sale declared a mortgage, admissions by the defendant that he loaned the money and held the instrument as security are competent; the objection that such evidence is weak and of unsatisfactory character going to its weight, and not its admissibility.

ORDER OF PROOF. To make such admissions competent, it is not necessary that defendant be first on the stand, or that his evidence on a former trial be offered.

**New Trial:** NEWLY-DISCOVERED EVIDENCE: *Diligence.* In a suit to have a bill of sale declared a chattel mortgage, plaintiff, having no knowledge as to admissions of defendant that he held the instrument as security, could not be expected to anticipate that such admissions were made, or to make preparations to prove them, and hence was not put on inquiry regarding them; and his failure to discover the evidence till after the trial was not want of diligence preventing him from obtaining a new trial for such evidence, as newly discovered.

GRANTING NEW TRIAL: *Review of evidence.* Newly-discovered evidence in plaintiff's motion for new trial in a suit to have a bill of sale declared to be a mortgage consisted of affidavits of four persons that defendant had stated to each affiant that he had loaned the money to plaintiff, and held the instrument as security. *Held,* that the weight of such admissions would depend upon the character and the circumstances under which they were made, and the court could find the probabilities favorable to plaintiff; hence the supreme court would not interfere with its exercise of discretion in granting a new trial thereon.

*Cumulative evidence.* In a suit to have a bill of sale declared a mortgage, admissions of defendant that he held the instrument as security are not cumulative to evidence as to particular facts tending to show that such was the intention or understanding of the parties, within the rule as to new trials for newly-discovered evidence.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, DECEMBER 19, 1900.

ACTION in equity to have a bill of sale absolute on its face declared to be a chattel mortgage, and for an accounting. There was a decree for defendant, after which the court sustained a motion for a new trial, from which order the defendant appealed.—*Affirmed.*

*T. B. Snyder* and *Hamilton & Hamilton* for appellant.

*D. F. Miller* and *W. J. R. Beck* for appellee.

GRANGER, C. J.—The defendant, E. G. Bullard, is the administrator of the estate of James Bullard, who was the original defendant in the suit, and who died pending the motion for a new trial, after which E. G. Bullard was substituted as his legal representative. In May, 1894, the plaintiff made to James Bullard an absolute bill of sale of two stallions, the consideration in the bill of sale being $2,500. This suit was commenced in August, 1896, and by the petition it is made to appear that about May 10, 1894,

plaintiff agreed with James Bullard for a loan of $1,250,. to secure which plaintiff was to execute a mortgage on the two stallions referred to. It then appears that when plaintiff came to execute the mortgage the agreement was so changed that, instead of a mortgage, the bill of sale in question was executed; and it is averred that the agreement was that the bill of sale should stand in lieu of the mortgage, and be treated as such, and that the amount secured thereby was. $1,250, instead of $2,500, as expressed in the bill of sale. The answer put in issue the averments of the petition as to an agreement that the bill of sale should be treated as a mortgage, or that the amount expressed as a consideration. was less than as shown in the bill of sale. The trial involved the issue of fact whether or not the instrument should be treated as a bill of sale absolute, or as a mortgage securing the sum of $1,250. The district court, on such issue,. found for the defendant and gave judgment accordingly. The plaintiff presented a motion for a new trial, based on newly-discovered evidence, which was supported by affidavits, four in number, in each of which it appears that James Bullard had stated to the affiant, in effect, that he loaned the money to plaintiff, and held the instrument in question as security. These affidavits are met by a counter affidavit by James Bullard in which there is a denial of the statements sworn to. Upon the hearing of the motion the court awarded a new trial; and the correctness of such ruling is the only question for us to determine.

I. Upon the trial of the issues presented by the pleadings, the evidence was in sharp conflict; and it is not to be doubted that the admissions of the defendant, if as shown by the affidavits, would be material and proper for consideration by the court, because they are the admissions or statements of a party against himself. *Blake v. Barrett,*. 61 Iowa, 79; *Allen v. Barrett*, 100 Iowa, 16. It is. urged that such evidence is of a weak and unsatis-

factory chraacter. The objection goes to the consideration of the statements as evidence, and not to its admissibility. Appellant seems to think the admissions or statements inadmissible on an original trial unless the defendant should first be put on the witness stand, or his evidence taken on the former trial should be offered by defendant. We do not so understand the rule as applied to a party. See cases above cited. It is also said that to justify the awarding of a new trial for newly-discovered evidence, it should be such that with its use a different result might be reasonably expected. In view of a new trial, we must not determine the weight of such evidence; but we may say that, when properly received and considered by the court, the character of the admissions, if found to have been made, might be practically conclusive of the case, and again, they might be of little or no weight, depending upon their character and the circumstances under which they were made. The showing by affidavit is such that the court could find the probabilities favorable to the plaintiff, and with its discretion, properly exercised, we do not interfere. This general rule is not questioned.

II. It is thought that proper diligence is not shown, to discover the new evidence for use at the former trial. We cannot set out the showing, but it is made to appear that plaintiff had no knowledge or information as to such admissions until after the trial. There was nothing to put him on inquiry, as he would not be expected to assume or anticipate that such statements had been made. Issues, of themselves, often indicate the existence or non-existence of certain facts, as to which there must be evidence, and other matters incidental to a pending suit will indicate the existence of facts of which there must be evidence, and thus a party is put on inquiry, but if there is nothing to suggest or call to the mind of a party a particular fact, he cannot be expected to make preparations to prove it, and a failure to do so is not negligence. The case on this point is in line with *Eckel v. Walker,* 48 Iowa, 225.

III.   The question is presented whether the newly-discovered evidence comes within the rule that a new trial will not be granted for such evidence when it is merely cumulative.   As we have said, the newly-discovered evidence consists of admissions or statements of the defendant to the effect that the instrument gave him a lien on the horses as security for a loan to the plaintiff. There was no evidence on the trial of these particular admissions or statements, but, of course, there was evidence directed to the ultimate conclusion whether or not the bill of sale was intended as a mortgage.   Such evidence on the part of plaintiff was as to particular facts tending to show that such was the intention or understanding of the parties. Evidence tending merely to strengthen the proof as to any one or more of these particular facts would be cumulative; but evidence of some other fact as to which there is no proof, but which would aid to a general conclusion, would not be cumulative. This view is supported by several cases. See *Boggess v. Read,* 83 Iowa, 548; *Means v. Yeager,* 96 Iowa, 694.   In *Murray v. Weber,* 92 Iowa, 757, we used this language (speaking of newly-discovered evidence):   "It is not cumulative evidence, because it is not evidence of the same kind to the same point.   If a witness had testified to the same conversation, the evidence of Miller would be cumulative, because it would be within the well-known rules as to what is cumulative evidence."   We think the offered evidence is not cumulative, within the meaning of the rule as to new trials for newly-discovered evidence.   We discover no error, and the judgment will stand AFFIRMED.