City of Indianapolis *v.* Tansel.

CITY OF INDIANAPOLIS *v.* TANSEL.

[No. 19,397.    Filed November 26, 1901.]

PLEADING.—*Evidence.*—Proof of either actual or constructive notice is sufficient to support an allegation, in a complaint in an action against a city for personal injuries sustained by reason of a defective culvert, "that the defendant had notice." *pp. 464, 465.*

TRIAL.—*Interrogatories.—Verdict.*—The finding in a general verdict in an action against a city for personal injuries sustained on account of a defective culvert that defendant had constructive notice of the defect, is not affected by an answer to an interrogatory that there was no evidence as to actual notice. *pp. 464, 465.*

APPEAL AND ERROR.—*Evidence.—Bill of Exceptions.*—The evidence is not in the record where the record does not show that the bill of exceptions containing the evidence was ever filed. *pp. 465, 466.*

SAME.—*Presumptions.—Evidence Not in Record.*—It will be presumed on appeal from a judgment in favor of plaintiff, in the absence of the evidence from the record, that the evidence fully sustained the averments of the complaint. *p. 466.*

SAME.—*Presumptions.—Evidence Not in Record.*—A cause will not be reversed on an affidavit filed in support of a motion for a new trial in an action for personal injuries that plaintiff was brought in and out of court in an invalid chair, and as soon as the trial was over he was able to walk without support, where the evidence is not in the record, since it must be presumed in favor of the action of the trial court in overruling the motion for a new trial that plaintiff testified that he could walk without support, and that he explained the use of the invalid chair so that the court in refusing to grant a new trial was satisfied that in fact no fraud had been practiced. *pp. 466, 467.*

NEW TRIAL.—*Admissions Made After Trial.*—Admissions made by a party to an action by act or word after trial may be used to support a charge of misconduct made a ground for a new trial. *Sullivan* v. *O'Conner,* 77 Ind. 149, and *Crow* v. *Brunson,* 1 Ind. App. 268, disapproved. *pp. 466, 467.*

From Boone Circuit Court; *B. S. Higgins,* Judge.

Action by Jasper O. Tansel against the city of Indianapolis for personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. W. Kern, J. E. Bell* and *S. M. Ralston,* for appellant.
*A. J. Shelby* and *W. J. Beckett,* for appellee.

City of Indianapolis v. Tansel.

BAKER, J.—Appellee recovered judgment for $7,000 on account of personal injuries. Appellant assigns that the court erred in overruling (1) its motion for judgment on the jury's answers to interrogatories and (2) its motion for a new trial.

The motion for judgment is predicated on this interrogatory and answer: "Did the defendant city, at the time plaintiff received his alleged injury, have actual notice of the broken condition of the culvert where it is alleged plaintiff fell? Answer: No evidence." The general verdict found all the material averments of the complaint to be true. If the complaint counted on no negligence of appellee except the continuance of the culvert in a broken condition after actual notice in time to have remedied the defect before the accident, the motion for judgment should have been sustained. But the complaint charges "that the said board walk over said gutter and the stringers upon which it was laid had become rotten and decayed and had broken down and had fallen into said ditch and was unfit for use and dangerous; and this was its condition for some time prior to the said 21st day of November, 1898; and this defendant had notice that said sidewalk was decayed and unsafe, and also that it was broken down and dangerous, in ample time to have repaired and rebuilt the same by use of ordinary diligence and care before the said 21st day of November, 1898; but that defendant negligently failed to repair and rebuild said board crossing over said ditch after it became decayed and rotten and unsafe, and negligently left said ditch open and uncovered after the same had broken down, with no means of passing over the same at said crossing, and without any lights or signals of danger, for at least three days and nights prior to the happening of the accident, hereinafter mentioned, on the said 21st day of November, 1898; and all of said time the defendant had notice of the dangerous condition of said board crossing over said gutter, but negligently failed to repair or rebuild the same, although said board

crossing at said point could have been repaired by the defendant by the use of due diligence after it became rotten and decayed and dangerous, long before the same broke down, and after the same broke down, long before the happening of this accident." The averment is simply "that the defendant had notice". Proof of either actual or constructive notice would support this allegation. *City of Ft. Wayne* v. *Patterson,* 3 Ind. App. 34; *Hunt* v. *City of Dubuque,* 96 Iowa 314, 65 N. W. 319. If appellee desired a more specific allegation, a motion to require it should have been made. *Peerless Stone Co.* v. *Wray,* 143 Ind. 574. The finding in the general verdict that appellee had constructive notice is therefore unaffected by the answers to interrogatories. Moreover, the jury merely answered that actual notice of the broken condition of the culvert had not been proved. This leaves, as proved, the charge that the city had actual notice of the rotten and dangerous condition of the culvert in time by the use of ordinary care to have repaired it before it broke down.

Error is claimed in the instructions on the subject of constructive notice. Appellant does not question the correctness of legal propositions stated, but contends that appellee could recover, under his complaint, only on proof of actual notice, and therefore the giving of instructions allowing a recovery on proof of constructive notice was erroneous and harmful. The complaint, as already shown, warranted proof of constructive notice.

Appellant asserts that the evidence of notice is insufficient to sustain the verdict. There is nothing in the record to show that a bill of exceptions containing the evidence was ever filed in this cause. Without being filed, a bill of exceptions can not become a part of the record. *Merrill* v. *State,* 156 Ind. 99. The clerk certifies that he has attached to the record the official reporter's transcript of the evidence. Appellant evidently followed the requirements of section 6 of the act of 1899 (Acts 1899, p. 384), which was held void

in *Adams* v. *State,* 156 Ind. 596, because it attempted to clothe the reporter with judicial powers.

The contentions, also, that the damages are excessive and that it is a physical impossibility for appellee to have been injured in the manner claimed by him, can not be determined without the evidence. It is not claimed that it is impossible that appellee could have been injured in the manner described in the complaint, nor that the damages awarded are more than a just compensation for the grave and permanent injuries pleaded. The presumption is that the evidence fully sustained the averments.

The remaining ground for a new trial is the alleged misconduct of appellee. It was shown by affidavits that appellee was brought in and out of the court room in an invalid's chair, and that as soon as the trial was ended he was able to walk without support. No counter affidavits were filed. Appellee's conduct in the court room, unexplained, was a representation to the court and jury that he was helpless. If he was able to walk, as the uncontradicted affidavits respecting his subsequent actions proved, and if the court and jury were deceived by his conduct at the trial into believing that he was helpless, a new trial should have been granted promptly. Appellee claims that his admissions (by act or word) after the trial can not be used to support a charge of misconduct, and cites *Sullivan* v. *O'Conner,* 77 Ind. 149, and *Crow* v. *Brunson,* 1 Ind. App. 268. These cases, in so far as they support appellee's contention, are disapproved. See: *Humphreys* v. *Klick,* 49 Ind. 189; *Rains* v. *Ballow,* 54 Ind. 79; *Andrews* v. *Mitchell,* 92 Ga. 629, 18 S. E. 1017; *Murray* v. *Weber,* 92 Iowa 757, 60 N. W. 492; *Means* v. *Yeager,* 96 Iowa 694, 65 N. W. 993; *Klopp* v. *Jill,* 4 Kan. 482; *Strout* v. *Stewart,* 63 Me. 227; *Gardner* v. *Mitchell,* 6 Pick. 114, 17 Am. Dec. 349; *Cole* v. *Fall Brook Coal Co.,* 40 N. Y. St. 834; *Brooks* v. *Rochester R. Co.,* 63 N. Y. St. 508; *Corley* v. *New York, etc., R. Co.,* 12 App. Div. (N. Y.) 409, 42 N. Y. Supp. 941; *Preston* v. *Otey,* 88 Va.

491, 14 S. E. 68; *Goldsworthy* v. *Town of Linden,* 75 Wis. 24, 43 N. W. 656. But were the court and jury deceived ? The evidence given at the trial is not in the record. The trial court, however, heard the evidence, and overruled the motion for a new trial. We are bound to presume, in favor of the ruling, that appellee testified on the trial that he could walk without support and that he explained his use of an invalid's chair, so that the court, in refusing to grant a new trial, was satisfied that in fact no fraud had been practiced.

Judgment affirmed.