THOMAS M. HAWK, Appellee, v. MULHALL & CASSELMAN, Appellants.

**New trial:** AMENDMENT AFTER SUBMISSION : DISCRETION.   The consideration of an amendment to a motion for new trial after submission on the original motion is largely a matter of discretion, and where the amendment sets up new matters the granting of the motion upon the amendment will not be disturbed, even though there was no formal order setting aside the original submission.

*Appeal from Woodbury District Court* — HON. F. R. GAYNOR, Judge.

WEDNESDAY, MARCH 13, 1907.

ACTION in equity to recover back an amount of money paid by plaintiff to defendant as the purchase price of certain real estate; the title to which, as alleged, had failed. The case having been submitted to the court on its merits, there was judgment dismissing plaintiff's petition, and awarding costs to defendants.   Subsequently, and on motion of plaintiff, the judgment was set aside, and leave was given each party to introduce further evidence.   From this order defendants appeal.— *Affirmed.*

*Jepson & Jepson* and *Milchrist & Scott,* for appellants.

*Sawyer & Turner,* for appellee.

BISHOP, J.— The principal issue in the case is whether the lands in controversy are accretion lands, and, as such, became the property of defendants as riparian owners, and so passed by their deed to plaintiff, or lake bed lands, the title to which is in this State.   It appears that all of such lands were involved in the suit of *Ogden v. Buckley,* reported

in 116 Iowa, 352. The judgment against plaintiff was entered June 18, 1904, and on the same day plaintiff filed his motion for new trial; the grounds thereof being that the judgment was not warranted by the evidence or in law. This motion was submitted on July 1, 1904, and taken under advisement. November 15, 1904, plaintiff amended his motion, setting up that since the submission of the original motion, the State of Iowa, acting under a provision of statute enacted by the Thirtieth General Assembly, and in conformity with the decision in Ogden v. Buckley, to the effect that the title to all the lands in controversy was in the State as lake bed lands, had taken possession of all such lands, and was preparing to sell the same. On September 7, 1905, the ruling was announced setting aside the judgment and granting further hearing.

Counsel for appellants say, among other things, that the amendment to the motion was not considered by the court, and hence did not enter into the ruling; that, as plaintiff was not entitled to a new trial on the grounds set forth in his original motion, the ruling entered was error. We do not so understand the record. True, it does not appear that the submission of the original motion was set aside by formal order, but it is plain that the amendment was given consideration because therein alone was indicated a desire to bring into the record additional matters. The whole matter rested largely in the discretion of the court, and the ruling in effect operated to set aside the former motion submitted. The court below may well have considered that what was being done under the statute and the decision in the Ogden case should be brought into the record in this case, and, without assuming to pass upon the materiality or pertinency of those matters, we cannot say there was any abuse of discretion. *Hunter v. Porter,* 124 Iowa, 351; *Chambliss v. Hass,* 125 Iowa, 484.

The ruling appealed from must be, and it is, *affirmed.*