ROSE MABEL CRIDER, Appellant, v. ROBERT McCOLLEY, Appellee.

**New trial:** DISCRETION. The action of the trial court in granting a new trial is the exercise of a discretion seldom interfered with on appeal.

**Same:** CRITICISM OF ARGUMENT. Criticism by the court of counsel's argument to the jury is also a matter of discretion.

*Appeal from Boone District Court.*—HON. CHARLES E. ALBROOK, Judge.

TUESDAY, APRIL 2, 1912.

ACTION for damages for alleged rape. There was a verdict for the plaintiff. Upon motion of defendant for a new trial, the verdict was set aside, and a new trial ordered. From such order the plaintiff has appealed.— *Affirmed.*

*D. G. Baker,* for appellant.

*Healy & Healy,* and *Stevens, Fry & Stevens,* for appellee.

EVANS, J.—Seldom has this court reversed an order

granting a new trial. The discretion vested in the trial
court at this point is an important one, and
is entitled to every favorable presumption
here. *Kern v. May,* 92 Iowa, 674; *Dewey
v. Railway,* 31 Iowa, 373.

1. NEW TRIAL: discretion.

In this case the motion was based upon many grounds
and was sustained generally. In ruling upon the motion,
however, the trial court laid particular emphasis upon his
belief that substantial justice was not done by the verdict,
and that it was probably the result of passion and prejudice.
It is urged by the appellant that this was an interference
with the prerogatives of the jury. If so, it was an interfer-
ence that is provided for by the statute. We have read the
record. It has some remarkable aspects. In view of a
new trial, we will avoid a discussion of the weight of the
evidence.

The trial court also criticised the jury argument of
plaintiff's counsel as improper. This pre-
sents a question which was peculiarly within
the observation and discretion of the lower
court, and is beyond our reach now.

2. SAME: criti-
cism of argu-
ment.

Looking into the record as a whole, we are satisfied
that there was no abuse of discretion in the granting of a
new trial, and the order must be *affirmed.*