J. R. SMITH, Appellee, v. W. C. SMITH, Appellant.

New trial: DISCRETION. The granting of a new trial is largely a matter of discretion, and unless there is a clear showing of abuse of such discretion the action of the trial court will not be interfered with on appeal.

Same: DILIGENCE: SUFFICIENCY OF SHOWING. An affidavit in support of a motion for new trial on the ground of newly discovered evidence, which stated that such evidence consisted of admissions of which the party had no knowledge previous to the trial, and had no reason to believe that the opposite party had made such admissions until they were subsequently communicated to him by the witnesses, was a sufficient showing of diligence.

Same: PARTNERSHIP: EVIDENCE: ADMISSIONS. The admissions of a partner concerning the individual property of members of the partnership is competent, in an action by one partner against another for an accounting; and where the evidence adduced is chiefly that of the parties themselves, the subsequent discovery of such admissions is ground for new trial, and is not to be treated as merely cumulative.

Same: AMENDMENT TO MOTION. Where one partner, as ground for a new trial, alleged the discovery of new evidence in the shape of repeated admissions by the other partner that certain property belonged to him individually rather than to the firm, an amendment to the motion relating in part at least to the same subject

matter was proper, over the objection that it should have been introduced by petition and heard upon evidence rather than by affidavits.

**Same:** APPEAL: REVIEW.   Where no objection was made in the trial court to the filing of an amendment to a motion for a new trial, or the manner of hearing the same, the matter will not be reviewed on appeal.

*Appeal from Wright District Court.*—HON. R. M. WRIGHT, Judge.

MONDAY, MARCH 17, 1913.

THIS action was brought for an accounting for a settlement of partnership affairs and to dissolve a partnership. There was a trial on plaintiff's petition and on the defendant's answer and cross-bill, and a decree. Plaintiff filed a motion for a new trial, which was sustained by the court, and the defendant appeals.—*Affirmed.*

*Wesley Martin* and *McGrath & Archerd,* for appellant.

*Sylvester Flynn* and *Nagle & Nagle,* for appellee.

PRESTON, J.—Plaintiff, in his petition, alleges that in 1881 he and the defendant made a verbal agreement, whereby they became partners in the purchase and sale of cattle, hogs, and other live stock; that the business was conducted under the name of Smith Bros.; that later they operated a grain elevator together, and purchased stock in a bank, of which plaintiff was elected cashier, and that plaintiff's salary as such for thirteen and one-half years was placed in Smith Bros.' account; that plaintiff received rent from certain of his land, which was placed in Smith Bros.' account, but he alleges that defendant had no interest therein; that plaintiff and defendant jointly purchased certain land, which was

sold at a profit; that the proceeds were placed in Smith
Bros.' account; that plaintiff purchased certain lands in
South Dakota and sold them at a profit, but alleges that all
of said land, and all the profits, were his individual prop-
erty. Plaintiff alleges that his individual receipts up to
1908 were more than $36,000, all of which went into the
Smith Bros.' account, and that defendant also put into said
account his individual receipts and his share of the receipts
from the business in which he and plaintiff were jointly inter-
ested; that he checked out on said account from time to time
money with which to purchase his individual land; that each
took title to all the land he purchased in his own name; that
other transactions took place between them, and plaintiff
alleges that he is the absolute and unqualified owner of cer-
tain lands so purchased. Plaintiff demanded an accounting
and a decree determining and defining the rights of the
parties.

Defendant files an answer and cross-bill admitting the
formation of a partnership; alleges that the elevator was part-
nership property and a partnership business; admits certain
other allegations of plaintiff, and by way of cross-bill says
that plaintiff and defendant became partners, that the part-
nership was formed for the purpose of engaging in the pur-
chase and sale of cattle, hogs, and other live stock, and for
the transaction of other business, and that the partnership
has never been dissolved; says that plaintiff has invested
large sums of money belonging to the firm in lands which he
now holds in his own name, but for the benefit of the firm,
and that defendant has done the same; and he asks for an
accounting, that the indebtedness of the firm be ascertained
and made a charge upon the property, that a dissolution be
decreed, and for other relief.

The case was tried in equity, and a decree entered by the
court on August 19, 1911, finding that certain of the real
estate standing in the name of the defendant was the indi-
vidual property of said W. C. Smith; that other lands stand-

ing in the name of plaintiff and defendant were partnership lands.   The court found the indebtedness of the firm to be about $50,000, which was made a charge upon the partnership property; that there was $3,432.73 due defendant; ordering a sale of the partnership property, if the plaintiff and defendant could not agree as to the division and payment of the debts; and decreed a dissolution.   There were other findings in the decree which need not be set out.

On the same day the decree was entered, plaintiff filed a motion for new trial, setting up seventeen different grounds, some of which are that the findings and decision of the court are contrary to both the law and the evidence; that the court erred in finding that any partnership relation existed between plaintiff and defendant in respect to the land held by each in his own name; that the court erred in finding that defendant or Smith Bros. had any interest in the three hundred and sixty-acre farm owned by plaintiff located in Wright county; and that the court erred in numerous other findings in the decree.   The motion continues:

(16) That the plaintiff has discovered since the trial in this court that defendant has $5,000 deposited in the State Bank of Cooperstown, in North Dakota, which was taken from the funds held by the court to be partnership money.   The defendant should be required to account in this proceeding for this money.

(17) That since the trial in this court the plaintiff has found that the defendant has repeatedly admitted that the three hundred and sixty-acre farm of this plaintiff in Wright county, Iowa, is the plaintiff's individual property.

In support of the sixteenth and seventeenth grounds of this motion, the plaintiff will introduce the testimony of witnesses.

On October 27, 1911, plaintiff filed an amendment to his motion for new trial, leave of court having been first obtained, stating that he had discovered new evidence since

the trial of the cause, consisting of statements, representations, and admissions made by defendant to certain persons, whose affidavits were attached, and that the substance of such statements and admissions is that plaintiff is the absolute owner of each of the several tracts of land, the title to which stands in his name, and that neither W. C. Smith nor Smith Bros. ever had any interest therein. Plaintiff's affidavit in support of the motion, among other things, states that four of the witnesses whose affidavits are annexed were at the time of the trial, and are now, nonresidents of Iowa; that all the matters set forth in said affidavits and the evidence that said witnesses would give was discovered by him after the trial, and that he could not, with reasonable diligence, have discovered and produced the same at the trial; that the witnesses who reside in Iowa did not communicate the admissions contained in their affidavits to any one until after the trial; that he did not know, and had no reason to suspect or believe, that defendant had made such statements or admissions until after he had learned thereof from conversations had with said witnesses; that the signature, "J. R. Smith, by W. C. Smith, Agent," affixed to a lease was in the handwriting of the defendant. This lease was for certain property in North Dakota, and which plaintiff claimed was his own property, and which the court found to be partnership property. The plaintiff further says in his affidavit that, while acting as his agent, the defendant signed a number of other leases in the same manner in renting plaintiff's North Dakota land for him. One of the parties whose affidavit was attached to the motion was a brother, living in New York, and two of such witnesses lived in North Dakota.

The ruling on the motion for a new trial was general, and in the following words: "Motion for new trial sustained, and defendant excepts."

I. As already stated, the ruling on the motion for a new trial was general, and we do not know upon what ground the

court sustained it, whether on the ground of newly discovered

**1. NEW TRIAL: discretion.** evidence, or whether the court concluded that some of his findings were erroneous. The evidence is all before us, and the case has been fully argued on the merits, as well as on the ruling on the motion for a new trial. We have read the record, and shall not detail the testimony here or discuss the case on the merits, for the reason that, as hereinafter stated, the ruling of the court in sustaining the motion for new trial is so much a matter of discretion we should not interfere, unless an abuse of discretion has been shown. However, from an examination of the record, we discover matters upon which the trial court may well have been in doubt, and that he may have concluded that he had erred in some of his findings. The granting of a new trial is a matter resting in the sound discretion of the trial court, and its action in granting a new trial will not be reversed, unless it is clearly shown that the court abused its discretion. This has been decided many times by this court. The citation of a few authorities will be sufficient. *Kern v. May,* 92 Iowa, 674; *Bullard v. Bullard,* 112 Iowa, 423; *Crider v. McColley,* 154 Iowa, 671; *Hawk v. Mulhall,* 133 Iowa, 695.

The appellant argues that plaintiff's affidavit does not show due diligence in discovering the alleged new evidence; also claims that such testimony is not material or competent, and that it is cumulative. As to the question of plaintiff's diligence, the showing is very much the same as that in *Eckel v. Walker,* 48 Iowa, 225, and *Bullard v. Bullard,* 112 Iowa, 423.

Plaintiff's affidavit shows that the witnesses did not communicate the admissions to any one at the trial and that plaintiff did not know, and had no reason to suspect or

**2. SAME: diligence: sufficiency of showing.** believe, that the defendant had made any such statements, or admissions. Some of the witnesses were out of the state. Plaintiff had no reason to believe that defendant had made such admis-

sions to these witnesses. We are unable to see what further
plaintiff could have done under the circumstances. See,
also, on this point *Boggess v. Read,* 83 Iowa, 548; *Feister v.
Kent,* 92 Iowa, 1; *Bullard v. Bullard,* 112 Iowa, 423.

The evidence was clearly competent and material.
Plaintiff was the only witness testifying in his behalf. The
defendant and one Fisher were the only witnesses on behalf

3. SAME: part-
nership: evi-
dence: admis-
sions.

of the defendant, the said Fisher testifying
to but few of the transactions set up and
relied upon by the defendant, so that the
testimony rested very largely upon the testimony of the
parties themselves. Any admissions made by the defend-
ant against his interest would be material and competent.
It has been held that such admissions are independent,
substantive evidence as against him, and their subsequent
discovery may be ground for a new trial, as constituting
newly discovered evidence. They are not merely impeach-
ing; nor are they merely cumulative. *Guth v. Bell,* 153
Iowa, 511; *Murray v. Weber,* 92 Iowa, 757; *Means v.
Yeager,* 96 Iowa, 694; *Eckel v. Walker,* 48 Iowa, 225.

The proposed new evidence, set out in the affidavits,
would contradict the defendant in important respects, and
would tend to corroborate the evidence of plaintiff. It is
difficult in many cases to determine when evidence is cumu-
lative. It has been defined to be evidence of the same kind
to the same point. The testimony of these different wit-
nesses, as set out in the affidavits attached to the motion, was
as to admissions alleged to have been made by the defendant
at different times. In this case the question, or, at least, one
of the questions, was as to whether the lands standing in
the names of plaintiff and defendant were lands belonging
to the parties individually, or whether they belonged to the
partnership. Admissions by defendant that land standing
in plaintiff's name belonged to plaintiff would be proper.
There was a conflict in the evidence. In such a case the issue
is often determined by the number of witnesses, and addi-

tional witnesses should not necessarily be considered as cumulative. *Corbin v. People,* 131 Ill. 615 (23 N. E. 613); *State v. Hasty,* 121 Iowa 507.

The defendant now objects in this court that the matters set up in the amendment to the motion for new trial should have been by petition, and that the matter should have been heard on evidence, rather than upon affidavits; but we think the matter set up in the amendment was germane to the original motion for new trial, which was filed within three days from the entering of the judgment. Paragraph 17 of the original motion recites that "since the trial in this court the plaintiff has found that the defendant has repeatedly admitted that the three hundred and sixty-acre farm of this plaintiff in Wright county, Iowa, is the plaintiff's individual property." The amendment to the motion and the affidavits attached have reference, in part at least, to this same matter. When the original motion was filed, plaintiff may have heard of some of the alleged admissions, but without having sufficient information to swear to it. Some of the witnesses were in other states, and it would take time to investigate and procure affidavits. Under such circumstances the amendment cannot be regarded as a new motion, but becomes a part of the original. *Sowden & Co. v. Craig,* 20 Iowa, 477; *Means v. Yeager,* 96 Iowa, 694; *Trade Discount Co. v. Miller,* (Iowa) 136 N. W. 680; *Guth v. Bell,* 153 Iowa, 511; *Hawk v. Mulhall, supra.*

4. SAME: amendment to motion.

Furthermore, the defendant did not make any motion to strike such amendment, and made no objection thereto, nor to the manner of the hearing. It should not be considered now in this court on appeal. *State ex rel. Stewart v. Anderson,* (Iowa) 80 N. W. 430; *In re Wilson,* 138 Iowa, 225; *Johnson, Lane & Co. v. Nash-Wright Co.,* 121 Iowa, 173. Plaintiff had leave of court to file the amendment.

5. SAME: appeal: review.

Our first inclination was to so modify the ruling of the

trial court in granting the new trial as to send the case back, with directions to reopen the case, so that the testimony would not have to be gone over again. But the case may come on before another judge; and, besides, the transcript of the evidence already taken can be used on a retrial of the case, if the parties so desire. Under the record we ought not to interfere with the ruling of the lower court.—*Affirmed.*