HENRY MULLONG, Appellee, v. JOHN MULLONG, Appellant.

NEW TRIAL: Newly Discovered Evidence—Diligence. Record re-
1 viewed, and held to show sufficient diligence in the discovery of a
receipt showing payment of the debt sued on.

NEW TRIAL: Newly Discovered Evidence—Duty of Court. A newly
2 discovered receipt, showing payment of the debt sued on, being
shown to be *prima facie* genuine, should, for the purpose of a motion
for a new trial, *be treated as genuine.*

NEW TRIAL: Newly Discovered Evidence—Inconsistent Conduct—
3 Explanation. Apparently inconsistent conduct of a movant for a
new trial is not necessarily an obstacle to granting the motion.
So held on an application for new trial by reason of the discovery
of a receipt showing payment of the debt sued on, the applicant
not having made mention, during the trial, of any receipt.

NEW TRIAL: Newly Discovered Evidence—Cumulative Evidence.
4 A written receipt showing payment of a debt sued on is not
cumulative to oral evidence that the debt had been paid.

NEW TRIAL: Refusal to Grant—Duty of Appellate Court. Prin-
5 ciple recognized that the appellate court will more closely scan a
ruling *refusing* a new trial than one *granting* a new trial.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHIN-
SON, Judge.

WEDNESDAY, NOVEMBER 22, 1916.

ACTION upon two promissory notes. Defendant pleaded
payment of one note, and admitted the execution and delivery
of the other; and, for the amount thereof, with interest and
costs, offered to confess judgment. The case was tried to the
court without a jury, resulting in a judgment for the amount
of both notes. Thereafter, and within due season, defendant
filed a motion for a new trial, based on newly discovered tes-
timony. The trial court denied the motion, and defendant
appeals.—*Reversed.*

*T. M. Zink,* for appellant.

*Kass Bros. & Sievers,* for appellee.

DEEMER, J.—Defendant testified, on the trial, to the payment in cash of the first note; and this, the plaintiff squarely denied. Some other testimony was adduced, but this was addressed almost wholly to collateral matters.

1. NEW TRIAL: newly discovered evidence: diligence.

In his original testimony, defendant made no reference to any receipt's having been given him by plaintiff. Three days after judgment was rendered, defendant filed a motion for a new trial, based upon newly discovered testimony, this testimony being a receipt for the amount of the first note, purporting to be signed by plaintiff. This receipt does not bear any date. It was found, according to the showing made, by accident, in looking over some old papers; and the finding thereof is amply sustained by the record. There is also testimony to the effect that what purports to be plaintiff's signature thereto is genuine. The plaintiff, in a counter showing, denied that he signed the receipt, or that he directed or authorized anyone to sign it for him. The showing of diligence on the part of the defendant is as follows:

"I further state that, while uncertain about the matter, I thought I had a receipt for the money paid by me, as herein stated, but I could not find the same before the trial of said action, having searched for the same through my papers and where I usually kept my papers and receipts. I further state that the said receipt must have been inside of some other paper, as, when I emptied out all the papers in a valise in which the same was, it fell out upon the floor from other papers. I further state that I searched through the same papers for the receipt before the trial of said action and did not find the same, and decided that it had been lost. From the fact that I failed to find the receipt when I searched for it leads me to the conclusion that the same was inside of some other papers, and I failed to discover the same. I

further state that if I could have found the said receipt I would have produced the same upon the trial of said action.''

Plaintiff claims that the trial court was right in denying the motion for a new trial, because the signature to the receipt is not genuine; for the further reason that defendant was a witness upon the trial, and made no mention of any receipt; and, finally, because he did not exercise proper diligence in discovering the paper; and, in any event, the testimony is cumulative in character.

As to the first proposition,—the genuineness of the signature,—it is manifest that for the purposes of this motion, and for no other, we must treat the signature as genuine; for defendant made out at least a prima-facie case upon that proposition, and, on a motion for a new trial, neither the court below nor this court is justified in weighing conflicting testimony; that is a question for court or jury upon a new trial.

2. NEW TRIAL: newly discovered evidence: duty of court.

It is true that defendant was a witness upon the original trial, and that he said nothing about a receipt; but this is explained in his motion for a new trial, as will be observed from the quotation already made. The same observation may be made with reference to the question of defendant's diligence. We think it was sufficient.

3. NEW TRIAL: newly discovered evidence: inconsistent conduct: explanation.

Lastly, cumulative testimony is testimony of the same kind and to the same point. The testimony does go to the same point,—that is, to the fact of payment,—but it is not of the same kind. The testimony adduced at the trial was oral, and directed to the fact of payment, giving the circumstances thereof; the newly discovered testimony is written, and amounts, if the receipt is genuine, to an admission on the part of plaintiff that he did receive the money from defendant. Manifestly, the newly discovered testimony was not cumulative. *Bullard v. Bullard,* 112 Iowa 423; *Guth v. Bell,* 153 Iowa 511; *Smith v. Smith,* 160 Iowa 111.

4. NEW TRIAL: newly discovered evidence: cumulative evidence.

Of course, a motion for a new trial is addressed to the sound discretion of the trial court; but this is a legal discretion, and subject to review by us; and this court reviews

5. NEW TRIAL: refusal to grant: duty of appellate court.

a case with greater care where a new trial is denied than where it is granted, for the reason that, where denied, the case is at an end, while, if granted, a new trial is had. *State v. Lowell*, 123 Iowa 427; *Turley v. Griffin*, 106 Iowa 161; *Eggert v. Interstate I. & D. Co.*, 146 Iowa 481. *Millard v. Singer*, 2 G. Greene 144, relied upon by appellee, is not in point. There, no effort whatever was made by the defeated party to discover the testimony until after trial.

We are of opinion that a new trial should have been granted, and the order denying the same must be, and it is, —*Reversed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.